IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FERRELL COMPANIES, INC., as Plan Sponsor and Plan Administrator of the Ferrell Companies, Inc. Employee Stock Ownership Plan,<br><br>            Plaintiff,<br><br>v.<br><br>GREATBANC TRUST COMPANY,<br><br>HOULIHAN LOKEY CAPITAL, INC.<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 2:20-cv-02229<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANT
<u>HOULIHAN LOKEY CAPITAL, INC.'S  MOTION TO DISMISS</u>**

Houlihan Lokey Capital, Inc. ("Houlihan Lokey") submits this Memorandum in Support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (6) and (7).

## I.    INTRODUCTION [1]

###     A.    *Claims Against Houlihan Lokey*

Ferrell Companies, Inc. brings this action solely in its capacity as "Plan Sponsor" and "Plan Administrator" ("Ferrell Companies) of the Ferrell Companies, Inc. Stock Ownership Plan, an ERISA Plan (the "ERISA Plan"), and asserts two claims, the Third Cause of Action and the  Fourth Cause of Action, against Houlihan Lokey.  The Third Cause of Action, for tortious interference with an ERISA plan document, fails to state a claim because it is preempted by the comprehensive federal ERISA statutory scheme. The Fourth Cause of Action, for breach of a Confidentiality

---

[1] The facts alleged in the Complaint relevant to each claim asserted against Houlihan Lokey are cited in the Argument in this Memorandum.

Agreement, fails to state a claim because the confidential information allegedly disclosed was disclosed to a party to the Confidentiality Agreement. Additionally, the ERISA Plan is not a party to the Confidentiality Agreement and has no standing to sue for an alleged breach. Finally, to pursue the Fourth Cause of Action, the counter-parties to the Confidentiality Agreement must be joined as plaintiffs. That joinder would, however, destroy diversity jurisdiction, the only alleged basis for subject matter jurisdiction. Accordingly, the Fourth Cause of Action must be dismissed for a lack of subject matter jurisdictional as well.

### B.  *Claims Against GreatBanc*

Plaintiff asserts claims in the First Cause of Action and the Second Cause of Action against GreatBanc Trust Company ("GreatBanc"), a former Trustee "acting under a trust which implements and forms a part of the ERISA Plan" (the "Trust" or "Trust Agreement"). Doc. #1-1 at ¶ 1.3. The Trust Agreement required GreatBanc to discharge its duties thereunder ***"in accordance with the documents and instruments governing the Plan unless, in the good faith judgment of the Trustee, the documents and instruments are not consistent with the provisions of ERISA."*** Doc. #1-2 at ¶ 2.5(c) (emphasis added). In the First Cause of Action, Ferrell Companies asserts that GreatBanc breached obligations under the Trust Agreement, obligations that are subject to and defined by ERISA. In the Second Cause of Action, Ferrell Companies asserts that GreatBanc's violations of the Trust Agreement breached GreatBanc's alleged ERISA duties.

### C.  *The Third Cause of Action for Tortious Interference Fails to State a Claim Because It Is Preempted by ERISA*

The Third Cause of Action for tortious interference requires, among other things, that Ferrell Companies prove that Houlihan Lokey intentionally procured GreatBanc's breaches and

2

violations alleged in the First Cause of Action and the Second Cause of Action. The Third Cause of Action is necessarily derivative of the First Cause of Action and the Second Cause of Action.

ERISA, however, preempts a state common law claim that is derivative of or dependent upon an ERISA violation or requires the state common law claim be examined under ERISA. ERISA also preempts a state law claim that attempts to "supplement" the specified ERISA remedy available against GreatBanc. In that regard, ERISA does not provide Ferrell Companies a remedy against a non-fiduciary such as Houlihan Lokey. The Third Cause of Action is preempted because it would allow Ferrell Companies to hold a non-fiduciary responsible for GreatBanc's conduct that allegedly violates ERISA and the Trust Agreement which implements the Plan.

> **D.** *The Fourth Cause of Action Fails to State a Claim Because As Alleged The Trust Is a Party to the Confidentiality Agreement And the Plan Is Not a Party to the Confidentiality Agreement*

In the Fourth Cause of Action, Ferrell Companies asserts Houlihan Lokey breached the Confidentiality Agreement by providing Confidential Information to GreatBanc. The agreement is alleged to be between Houlihan Lokey and "Ferrellgas," as "Ferrellgas is defined in the Complaint. Doc. #1 at ¶ 53. As alleged, "Ferrellgas" includes the "Trust." As alleged, "Ferrellgas" does not include the ERISA Plan, a distinct legal entity. Doc. #1 at 2 n.1.

Because the Trust could only act through GreatBanc, the Trustee during the relevant time period, Houlihan Lokey cannot have breached the Confidentiality Agreement by allegedly providing Confidential Information to the Trust, a party to the Confidentiality Agreement. Because Ferrell Companies is suing in its representative capacity on behalf of the Plan as the Plan Administrator and Plan Sponsor, Ferrell Companies fails to state a claim because the Plan is not alleged to be a party to the Confidentiality Agreement and therefore has no standing. Additionally, Ferrellgas Partners, L.P., which *is* a party to the Confidentiality Agreement as defined in the

3

Complaint, but is *not* a party to this action, is a necessary and indispensable party whose joinder, although otherwise required, would defeat this Court's diversity subject matter jurisdiction over the Fourth Cause of Action.

## II.     ARGUMENT

### A.     *Standard of Review*

A complaint must contain facts, pled sufficiently to be accepted as true, that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a Complaint on a motion to dismiss, the Court must consider the exhibits to the Complaint. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). Where a plaintiff refers in the Complaint to a document that is central to the claim(s), but that document is not an exhibit to the Complaint, "a defendant may submit an indisputably authentic copy of the document to the court," and that document is properly considered in deciding a motion to dismiss. *Hall v. Witteman*, 569 F. Supp. 2d 1208, 1216 (D. Kan. 2008) (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir.1997)). Under Federal Rule of Evidence 201, the Court can also take judicial notice of and consider relevant judicial filings. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). Accordingly, in judging the legal sufficiency of the Complaint in this case, the Court need not accept as true legal conclusions or factual allegations that contradict the documents referenced or incorporated in the Complaint or those for which judicial notice is proper. *GFF Corp.*, 130 F.3d at 1385.

### B.     *ERISA Preempts the Third Cause of Action for Tortious Interference*

ERISA preemption is a question of law. *David P. Coldesina DDS v. Estate of Simper*, 407 F.3d 1126, 1135 (10th Cir. 2005). ***"[ERISA] shall supersede any and all State laws insofar as***

*they may now or hereafter relate to any [ERISA] plan*." ERISA § 514(a), 29 U.S.C. § 1144 (emphasis added). The "Act's preemptive scope is broad." *Coldesina,* 407 F.3d at 1136. There are two sources of ERISA preemption: (1) conflict preemption and (2) remedial preemption, also known as complete preemption. *Id*. at 1135. Each type of preemption requires that the Third Cause of Action be dismissed.

As to conflict preemption, the Tenth Circuit recognizes four categories of state laws that "relate to" and are thus preempted by ERISA, one of which is "laws and common-law rules providing remedies for misconduct growing out of the administration of such plans." *Id. at* 1136. Remedial, or complete preemption, relies upon ERISA's integrated remedial scheme that is essential to Congress' intent to create a comprehensive statute for the regulation of employee benefit plans. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54 (1987). "As such, a claim that 'duplicates, supplements, or supplants' the *remedies* provided by ERISA runs afoul of Congressional intent and is preempted." *Coldesina*, 407 F.3d at 1136-37 (quotation omitted) (emphasis supplied).

In the Third Cause of Action, Ferrell Companies alleges that Houlihan Lokey tortiously interfered with the "contractual and fiduciary duties [GreatBanc had] to Ferrellgas pursuant to the Trust Agreement." Doc. #1 at ¶48. The elements of a claim for tortious interference with a contract are (1) the existence of a contract; (2) "the wrongdoer's knowledge thereof"; (3) an "intentional procurement of its breach"; (4) "the absence of justification"; and (5) damages resulting from it. *Cohen v. Battaglia*, 293 P.3d 752, 755 (Kan. 2013).[2]

---

[2] Unlike tortious interference with a contract or with a business expectancy, no Kansas case has addressed or recognized a claim for tortious interference with a fiduciary duty. Because Plaintiff alleges that the fiduciary duty at issue arises "pursuant to the Trust Agreement," Doc. #1 at ¶48, the fiduciary duty is a function of the Trust Agreement, a contract, and ERISA. Regardless, Houlihan Lokey is accepting for the purposes of its Motion To Dismiss only that Kansas law would

5

In the First Cause of Action, Ferrell Companies claims "GreatBanc breached the Trust Agreement." Doc. #1 at ¶39. In the Second Cause of Action, Ferrell Companies, per ERISA Section 404(a)(1)(D), asserts an ERISA Section 409(a) claim based upon GreatBanc "failing to act in accordance with the documents and instruments governing the Plan." Doc. #1 at ¶45. The only ERISA Plan document Ferrell Companies identifies as being violated is the Trust Agreement. Doc. #1 at ¶39.

The Third Cause of Action against Houlihan Lokey is based upon Houlihan Lokey being liable for participating in GreatBanc's alleged ERISA violation. The only alleged ERISA violation specified is GreatBanc not acting in accordance with the Trust Agreement, a plan document. Doc. #1 at ¶ 45. The Trust Agreement expressly defines GreatBanc's duties as acting in accordance with the plan documents "unless, in the good faith judgment of the Trustee, the documents and instruments are not consistent with the provisions of ERISA." Doc. #1-2 at ¶ 2.5(c). By its terms, determining if GreatBanc breached the Trust Agreement requires evaluating GreatBanc's obligations under ERISA. Determining whether an ERISA fiduciary like GreatBanc incurs liability for not following an ERISA Plan document like the Trust Agreement is governed by the ERISA statutory scheme.[3]

---

recognize a claim for tortious interference with the fiduciary duty as alleged in the Complaint, and that claim is preempted for the reasons set forth herein.

[3] The failure to follow an ERISA Plan document like the Trust Agreement is not a *per se* ERISA violation under Section 404(a)(1)(D) or 409(a). *See e.g.,* ERISA Section 404(a)(1)(D), 29 U.S.C. § 1102(a)(1)(D) ("[i]nsofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III"). ERISA requires that irrespective of a Plan Document, or directions from a Plan Administrator, the fiduciary must meet its overarching ERISA fiduciary duty to the ERISA Plan. If the fiduciary complies with its overarching fiduciary duty to the Plan, there is no "breach." *See e.g., In re Sprint Corp. ERISA Litig.*, 388 F. Supp. 2d 1207, 1237 (D. Kan. 2004). GreatBanc's overarching ERISA fiduciary duties override any express direction in the Trust Agreement or from the ERISA Plan Administrator inconsistent with those ERISA fiduciary duties.

6

If GreatBanc's actions about which Ferrell Companies complains were required to discharge GreatBanc's overarching ERISA obligations, then those actions cannot be a breach of the Trust Agreement.  Establishing a breach of the Trust Agreement, an essential element of Ferrell Companies' tortious interference claim, requires evaluating the alleged breach in light of ERISA and GreatBanc's ERISA obligations.

If GreatBanc's actions complied with ERISA, GreatBanc could not, as a matter of law, be inconsistently found liable on the First Cause of Action for breach of contract.  "Congress enacted ERISA to ensure national uniformity in fiduciary standards for the administration of employee benefit plans." *See Miller v. Monumental Life Ins. Co.*, 502 F.3d 1245, 1249 (10th Cir. 2007).  Subjecting an ERISA fiduciary, like GreatBanc, to a state law standard is inconsistent with the policy of national uniformity, and that is why a state law claim like tortious interference is preempted.

In S*alzer v. SSM Health Care of Ok. Inc.*, the Tenth Circuit considered whether ERISA preempted state law tortious interference claims against a non-fiduciary like Houlihan Lokey.  762 F.3d 1130 (10th Cir. 2014).  The plaintiff, an individual insured under a healthcare plan, sued a non-fiduciary hospital for tortuously interfering with the plaintiff's ERISA employee welfare benefit plan by seeking payment of a non-discounted rate directly from the plaintiff rather than seeking payment of a discounted rate directly from plaintiff's insurer.  *Id*. at 1133, 1137 n.5.

The *Salzer* court held the plaintiff's tortious interference claims were preempted because they "can succeed only if his ERISA plan actually entitled him to a discount for the services provided by [hospital]. Accordingly, interpretation of the Plan is a necessary component of the claim and thus the legal duty at issue cannot be described as 'independent of ERISA.'" *Id*. at

1138.[4] Like in *Salzer*, Ferrell Companies' claim for tortious interference can succeed only if the Trust Agreement, an ERISA plan document, was breached by GreatBanc, and determining that breach requires interpretation of the Trust Agreement and the ERISA statutory scheme.

The *Salzer* court also determined that preemption was mandated "[b]ecause Salzer's tortious interference claim is one seeking to enforce rights under the terms of an ERISA plan, and does not rest on a legal duty independent of ERISA." *Id.* Like the plaintiff in *Salzer*, Ferrell Companies is necessarily seeking to enforce its rights under the terms of an ERISA plan document in connection with its tortious interference claim, and for that reason the tortious interference claim does not rest on a legal duty independent of ERISA.[5]

Because the plaintiff in *Salzer*, unlike the present case, did not assert a claim under ERISA Section 409(a), *Salzer* did not address that ERISA expressly limits claims under Section 409(a) to ERISA fiduciaries and damage to the plan itself. *Mertens v. Hewitt Associates*, 508 U.S. 248, 253 (1993) (The only party that can be liable for a violation of ERISA §409(a) is the fiduciary responsible). Ferrell Companies does not allege that Houlihan Lokey was an ERISA fiduciary. For that reason, Ferrell Companies cannot bring an ERISA claim against Houlihan Lokey. ERISA has preempted the field of those who can be liable for the ERISA violations at issue here, and plaintiff's attempt to expand the exclusive remedies under ERISA Section 409(a) with the Third

---

[4] The *Salzer* court also noted the plaintiff had a remedy under ERISA Section 502(a)(1)(B) against the plan. *Id.* Like the plaintiff in *Salzer*, Plaintiff has an ERISA remedy for GreatBanc's alleged ERISA violation pursuant to ERISA Section 409(a), and that claim is the Second Cause of Action.

[5] *Salzer* was removed from Oklahoma state court to the Western District of Oklahoma. 762 F.3d at 1132. The duty under the law governing tortious interference with contract is the same under the Oklahoma law applicable in *Salzer* and the Kansas law applicable in the present case. *Compare Daniels v. Union Baptist Ass'n*, 55 P.3d 1012, 1015 (Okla. 2001) *with Cohen*, 293 P.3d at 755.

8

Cause of Action is preempted for that reason as well. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 216 (2004) (cause of action that effectively supplements ERISA remedies preempted).

Likewise, in the Third Cause of Action, Ferrell Companies does not claim any damage to the ERISA Plan. *Compare* Doc. #1 at ¶51 (seeking damages "*Plaintiff* has been required to expend") (emphasis supplied) *with id.* at ¶46 (alleging on ERISA claim in the Second Cause of Action that "Ferrell Companies [defined as the Plaintiff], the Plan, and the Plan Participants have suffered losses"). Under ERISA Section 409(a), however, damages are recoverable only for "losses to the plan." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985). The damages at issue in the Third Cause of Action further demonstrate plaintiff is attempting to expand the available ERISA remedies for an ERISA Section 409(A) claim. ERISA preempts any such claim.

      **C.**    *Ferrell Companies Fails to State a Claim for Breach of the Confidentiality Agreement*

          **1.**    **The ERISA Plan Is Not a Party to the Confidentiality Agreement.**

Ferrell Companies alleges the Confidentiality Agreement is entered between Houlihan Lokey and "Ferrellgas." Doc. #1 at ¶53. Ferrell Companies defines the terms "Ferrellgas" as it is used in the Complaint. *Id.* at 2 n.1.[6] The ERISA Plan is not one of the "separate and distinct entities" included in the definition of "Ferrellgas," even though under ERISA, the ERISA Plan is a separate and legally distinct entity that may "sue or be sued under this subchapter as an entity." *see* ERISA Section 502, 29 U.S.C. § 1132(d).

Under New York law, which governs the Confidentiality Agreement, Doc. #1-4 at ¶9, "Liability for breach of contract does not lie absent proof of a contractual relationship or privity

---

[6] Houlihan Lokey takes no position at this time on the actual identity of each party to the Confidentiality Agreement. For purposes of the Motion to Dismiss Houlihan Lokey accepts as true Ferrell Companies' allegations on that issue.

9

between the parties." *CDJ Bldrs. Corp. v. Hudson Grp. Const. Corp.*, 67 A.D.3d 720, 721 (N.Y. App. 2009) (quotation omitted). Only a party to a contract has standing to sue for breach. *527-9 Lenox Ave. Realty Corp. v. Ninth St. Assoc.*, 200 A.D.2d 531, 531 (Sup. Ct. App. Div. 1994). Although the ERISA Plan is not alleged to be a party to the Confidentiality Agreement, the Fourth Cause of Action is brought on behalf of the ERISA Plan. Because the ERISA Plan has no standing to bring the Fourth Cause of Action, that claim should be dismissed.

> **2. Ferrellgas Partners, L.P. Is an Indispensable Party Whose Citizenship Destroys Diversity and Whose Absence Requires Dismissal of the Fourth Cause of Action**

Ferrellgas Partners, L.P. ("FLP") is the entity that executed the Confidentiality Agreement. That entity is an indispensable party whose joinder would deprive this court of subject matter jurisdiction on the Fourth Cause of Action.

Federal Rule of Civil Procedure 19(a) requires the court to dismiss the Fourth Cause of Action if a necessary party cannot be joined, and the party is indispensable per Rule 19(b). Fed. R. Civ. P. 19. A party is necessary if:

> (1) in the person's absence the court cannot afford complete relief among existing parties; or (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the claimed interest.

Fed. R. Civ. P. 19(a). "A necessary person must be joined as a party if joinder is feasible." *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1289 (10th Cir. 2003). If joinder is not feasible because the absentee's residency would destroy diversity jurisdiction, then courts must consider "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b); *Davis*, 343 F.2d at 1289. Persons to whom a promise is made are necessary parties to an action to recover for the breach of that promise. *See, e.g.,*

10

*Jenkins v. Reneau,* 697 F.2d 160, 161-62 (6th Cir. 1983); *Purcel v. Wells*, 236 F.2d 469, 472 (10th Cir. 1956).

The Confidentiality Agreement expressly states it is between Houlihan Lokey and "Ferrellgas Partners, L.P. (together with its subsidiaries and affiliates"). Doc #1-4 at 2. Plaintiff alleges that FLP entered the Confidentiality Agreement. As such, FLP is a necessary party under Rule 19.

FLP cannot feasibly be joined because its joinder would destroy diversity jurisdiction over the Fourth Cause of Action. FLP is a publicly traded Master Limited Partnership, and as such, is a citizen of every state in which each unitholder is a citizen at the time the Complaint was filed. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Plaintiffs have failed to allege that no FLP unitholder is a citizen of California, Houlihan Lokey's alleged citizenship for diversity purposes. *See Salzer,* 762 F.3d at 1134 (10th Cir. 2014) ("The party invoking federal jurisdiction has the burden to establish that it is proper . . . ."); Doc. #1 at ¶¶ 2-3. Per FLP's most recent 10Q, it had 69,612,939 publicly held units. https://www.sec.gov/Archives/edgar/data/922358/000155837020002364/fgp-20200131x10q.htm. It is virtually impossible that at filing no public unitholder was a California citizen.

The Fourth Cause of Action cannot proceed in this court unless Rule 19(b) permits it. The following factors are considered in determining whether dismissal is required: (1) the prejudice that may result from the absence, (2) the extent to which such prejudice can be avoided or reduced, (3) the adequacy of a judgment entered in such absence, and (4) whether Plaintiff has an adequate alternative remedy. Fed. R. Civ. P. 19(b). These factors require dismissal here.

If FLP is not a party, it will not be bound by a Judgment on the Fourth Cause of Action, thus creating a substantial risk that Houlihan Lokey could face essentially the same litigation in a subsequent suit brought by FLP, and the result could be inconsistent with the result in the present case. *See N. Arapaho Tribe v. Harnsberger,* 697 F.3d 1272, 1279 (10th Cir. 2012). Without FLP, Ferrell Companies can test theories of liability and damages without any risk. If Ferrell Companies lost the Fourth Cause of Action and FLP was not a party to the case, then FLP could file a suit for breach of the Confidentiality Agreement. The only way to avoid that risk is for FLP to be a party to the litigation. A judgment that does not bind FLP undermines the interest of the "courts and the public in complete, consistent, and efficient settlement of controversies." *Davis*, 343 F.3d at 1293. The Fourth Cause of Action can be brought in state court, which is an adequate, alternative remedy. *Cross Timbers Oil Co. v. Rosel Energy, Inc*., 167 F.R.D. 457, 461 (D. Kan. 1996). Pursuant to Rules 12(b)(1) and (7), the Fourth Cause of Action Should be dismissed.

### 3. The Complaint Does Not Allege a Plausible Breach of the Confidentiality Agreement by Houlihan Lokey

Ferrell Companies' claim is based on Houlihan Lokey allegedly disclosing Confidential Information to GreatBanc. That cannot be a breach of the Confidentiality Agreement because (1) Ferrell Companies defines "Ferrellgas," who Ferrell Companies alleges entered the Confidentiality Agreement, to include the Trust, making the Trust a party to the Confidentiality Agreement; (2) the Trust could act only through its Trustee, at that time GreatBanc; and (3) Houlihan Lokey cannot breach the Confidentiality Agreement by allegedly giving Confidential Information to a party to the Confidentiality Agreement. As alleged, the Trustee, the entity through which the Trust acted, received whatever information it received *as a party to the Confidentiality Agreement*.

## III. CONCLUSION

For the reasons set forth above, Defendant Houlihan Lokey Capital, Inc. respectfully requests this Court dismiss the Third and Fourth Causes of Action with prejudice and enter judgment in its favor.

Dated: June 19, 2020                    Respectfully submitted,

                                        By:   /s/  Phillip Greenfield
                                        Kirk T. May            KSD Bar No. 22356
                                        Phillip G. Greenfield  KSD Bar No. 70044
                                        Carrie D. Phillips     KSD Bar No. 27534
                                        GERMAN MAY PC
                                        1201 Walnut Street, Suite 2000
                                        Kansas City, MO  64106
                                        (816) 471-7700 - Telephone
                                        (816) 471-2221 - Facsimile
                                        kirkm@germanmay.com
                                        philg@germanmay.com
                                        carriep@germanmay.com

                                        *Attorneys for Defendant Houlihan Lokey Capital, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that, on June 19, 2020, a copy of the foregoing document was filed with the Clerk of the Court on the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                             /s/   Phillip Greenfield
                                        *Attorney for Defendant Houlihan Lokey Capital, Inc.*