## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FERRELL COMPANIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  2:20-cv-02229-JTM-KGG |
| | ) | |
| GREATBANC TRUST COMPANY, | ) | |
| | ) | |
| HOULIHAN LOKEY CAPITAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT HOULIHAN LOKEY CAPITAL, INC.'S MOTION TO DISMISS

To avoid the merits of this action and the consequences of its misconduct, Defendant Houlihan Lokey Capital, Inc. ("Houlihan Lokey") has filed a wholly specious motion to dismiss Plaintiff Ferrell Companies, Inc.'s ("Ferrell Companies") Complaint against it.

First, Houlihan Lokey contends – wrongly – that Plaintiff's claim for tortious interference with Plaintiff's Trust Agreement with Defendant GreatBanc Trust Company ("GreatBanc") is preempted by ERISA, even though even GreatBanc itself has not moved for ERISA preemption of Plaintiff's breach of contract claim based on the same agreement, and even though the Trust Agreement is separate and independent from the ERISA Plan that specifies that it is governed by Illinois law.  Second, Houlihan Lokey moves to dismiss Plaintiff's claim for breach of its Confidentiality Agreement with Plaintiff based on (a) the demonstrably false assertion that Ferrell Companies is not a party to the Confidentiality Agreement (it is); (b) the incorrect claim that another Ferrell entity is somehow an "indispensable party" to Ferrell Companies' breach of contract claim (no law supports this); and (c) Houlihan Lokey's unsupported factual assertion that

Houlihan Lokey disclosed confidential information only to another party to the Confidentiality Agreement (not true and contrary to Plaintiff's allegations in the Complaint).

Houlihan Lokey's motion to dismiss is without basis, and Ferrell Companies' Complaint competently states tortious interference and breach of contract claims against Houlihan Lokey. Therefore, this Court should not allow ERISA or any other false technical arguments to shield Houlihan Lokey from its indefensible – and undeniable – role in trying to oust Plaintiff's duly appointed Board of Directors.

## PLAINTIFF'S WELL-PLED COMPLAINT

On May 4, 2020, Ferrell Companies filed its Complaint in this Court against GreatBanc and Houlihan Lokey to recover costs incurred from these parties' – and others' – wrongful efforts to replace Ferrell Companies' duly appointed Board of Directors in July-December 2019. *See generally* Complt. Pursuant to an August 1, 1997 Trust Agreement (Complt., Ex. B) with Ferrell Companies, Ferrell Companies' Board of Directors engaged GreatBanc to act as "Directed Trustee" of Ferrell Companies' Employee Stock Ownership Plan, which had been established the year before. *Id*. ¶¶ 8, 10. While GreatBanc had technical rights to elect members of the Ferrell Companies' Board of Directors, under the Trust Agreement GreatBanc was authorized to vote its shares only as Ferrell Companies directed – hence, GreatBanc's designation as "Directed" Trustee. *Id*. ¶ 8.

Houlihan Lokey's involvement began in August 2018, when it entered into a Confidentiality Agreement with Ferrellgas Partners, L.P. and "its subsidiaries and affiliates," in connection with Houlihan Lokey's attempt to be retained as financial advisor. *Id*. ¶ 19, Ex. D. When Houlihan Lokey ultimately was not chosen, however, Houlihan Lokey both "worked to recruit and provide GreatBanc with potential replacement Ferrellgas directors" and "worked

extensively with GreatBanc to procure GreatBanc's violation of its Trust Agreement and fiduciary duties." *Id*. ¶ 20. Accordingly, and after a series of escalating actions, on October 23, 2019, GreatBanc delivered a written ultimatum that Ferrell Companies direct GreatBanc to replace its Board of Directors "by close of business on October 25, 2019" with directors hand-picked by Houlihan Lokey. *Id*. ¶¶ 33, 35. Ferrell Companies filed a complaint against GreatBanc in this Court on October 24, 2019 (Case No. 19-cv-2656), and GreatBanc then filed a TRO motion in that case on November 1, 2019 to prevent its removal as Directed Trustee. *Id*. ¶¶ 33, 35. The Court denied GreatBanc's motion on November 7, 2019, and GreatBanc was removed as Directed Trustee, effectively ending that litigation. Complt. ¶ 35. Plaintiff initiated this action, therefore, to recover its damages incurred as a result of both Defendants' wrongful conduct.

## LEGAL ARGUMENT

A complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6) only when its factual allegations fail to "state claim to relief that is plausible on its face," or when an issue of law is dispositive. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept the facts alleged in a complaint as true, and view all reasonable inference from those facts in favor of the plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Because Ferrell Companies' claims against Houlihan Lokey in this case easily meet this standard, the Court should deny Houlihan Lokey's motion to dismiss.

### I.      Plaintiff's Tortious Interference Claim Is Not Preempted By ERISA.

Houlihan Lokey first asserts that Ferrell Companies' claim for tortious interference with Ferrell Companies' Trust Agreement with GreatBanc "fails to state a claim" because it is preempted by ERISA. Mot. at 2. As an initial matter, the Court should view this argument with

suspicion, since GreatBanc – the Directed Trustee itself – has not moved to dismiss Ferrell Companies' breach of the Trust Agreement claim against it based on ERISA.

Ferrell Companies' breach of contract claim against GreatBanc – and its tortious interference with contract claim against Houlihan Lokey based on the Trust Agreement – are not preempted by ERISA because they do not seek to redress rights conferred by the ERISA Plan. Rather, Plaintiff's claims are based on the separate Trust Agreement (Complt., Ex. B) between GreatBanc and Ferrell Companies. Thus, while the Plan indicates plainly and not surprisingly in its first provision that it is governed by ERISA (Complt., Ex. A, § 1.1), the Trust Agreement is a separate and independent legal document that provides that it is governed by Illinois law (Complt., Ex. B, § 4.7) – directly contrary to Houlihan Lokey's incorrect assertion that "the Trust Agreement is governed by the ERISA statutory scheme." Mot. p. 6.

The sole legal authority that Houlihan Lokey cites for the proposition that ERISA preempts and somehow also mandates the dismissal of Ferrell Companies' claim for tortious interference with the Trust Agreement is *Salzer v. SSM Health Care of Ok., Inc.*, 762 F.3d 1130 (10th Cir. 2014). However, the *Salzer* case justifies and explains the validity of Ferrell Companies' breach of Trust Agreement claim against GreatBanc and its tortious interference claim based on that contract against Houlihan Lokey. In *Salzer*, the plaintiff asserted a single tortious interference claim against a healthcare provider for interfering with his rights under his ERISA health plan, as well as five breach of contract claims against the healthcare provider based on a related provider agreement and hospital services agreement. The defendant moved to dismiss all of the plaintiff's claims based on ERISA preemption. The Tenth Circuit, however, held the plaintiff's claims stemming from the separate, non-plan agreements were not preempted by ERISA: "We conclude five of Salzer's six original claims do not fall under ERISA § 502(a)(1)(B) because they do not seek to vindicate rights

set forth in the 'terms of the plan,' as required by that provision." *Id.* at 1135.  Rather, as the court explained, a claim is preempted "if it asserts rights to which the plaintiff is entitled '*only* because of the terms of an ERISA-regulated employee benefit plan." *Id.* (citations omitted, emphasis in original).  Thus, "[b]ecause Salzer seeks to enforce contracts other than the Plan in these five claims," they were not preempted by ERISA.  *Id.* (affirming trial court); *see also id.* at 1130 ("[E]xtrinsic documents relevant to the plan… do not themselves constitute the terms of the plan for purposes of § 502(a)(1)(B).").

    *Salzer*'s holding, that claims based on rights that are separate and independent from an ERISA plan (though they may be closely related), is unremarkable and in accord with the prevailing weight of ERISA legal authority in this circuit.  *See, e.g., Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1159 (10th Cir. 2004) (no ERISA preemption because fraud claim was not "to recover benefits due to [plaintiffs] under the terms of their plan"); *Lawrence v. Potter*, 2018 U.S. Dist. LEXIS 127805, *16 (D. Utah July 30, 2018) (denying motion to dismiss plaintiff's claims under the Utah Uniform Securities Act on the basis of ERISA preemption because that claim involved "duties that arise independently of ERISA or the Plan"); *It's Greek to Me, Inc. v. Fisher*, 2018 U.S. Dist. LEXIS 26569, *14 (D. Kan. Feb. 20, 2018) (no ERISA preemption of plaintiff's tortious interference claim because rights were based on settlement agreement, independent of ERISA Plan); *Roberts v. Scarcello*, 2017 U.S. Dist. LEXIS 6515, *7-8 (D. Kan. Jan. 17, 2017) (no ERISA preemption where plaintiff's "petition clearly alleges that plaintiff is entitled to redemption of his stock pursuant to the parties' partnership and joint venture agreement in addition to the Plan itself"); *Smith v. Jet Serv. Enters.*, 2005 U.S. Dist. LEXIS 38503, *9 (W.D. Okla. Dec. 30, 2005) (denying motion to dismiss because tortious interference claim based on independent duty not to act in bad faith not preempted by ERISA); *Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*,

2015 U.S. Dist. LEXIS 28375, *20-21 (D. Colo. Mar. 16, 2015) (no ERISA preemption of state law clams when "[c]laims that solely impact a plan economically… [and c]laims that do not 'affect the relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries' are not preempted"); *Cargill v. Norman Reg'l Health Sys.*, 2012 U.S. Dist. LEXIS 204912, *5 (W.D. Okla. Apr. 10, 2012) (no ERISA preemption where plaintiff did not seek to enforce ERISA rights, but rather asserted violation of "various other independent legal duties owed to Plaintiff by Defendant"); *Deaconess Health Sys., LLC v. Aetna Health, Inc.*, 2010 U.S. Dist. 131733, *7 (W.D. Okla. Dec. 13, 2010) (claims under plaintiff's provider agreement were not claims for benefits under an ERISA plan and were not preempted by ERISA); *Mem'l Health Sys. v. Aetna Health, Inc.*, 730 F.Supp.2d 1289, 1298 (D. Colo. 2010) (claim arising out of Hospital Agreement was independent of ERISA plan, so no ERISA preemption).

On the other hand, in *Salzer*, the Tenth Circuit affirmed the dismissal of the plaintiff's claim based on the defendant's alleged tortious interference with "the benefit of" his rights under his ERISA healthcare plan itself. *Id.* at 1137. "Because Salzer's tortious interference claim is one seeking to enforce rights *under the terms of an ERISA plan*, and *does not rest upon a legal duty independent of an ERISA plan's terms*," it was preempted. *Id.* at 1138 (emphasis added). But here, Ferrell Companies is not asserting any breach of, or tortious interference with, the ERISA Plan itself. Therefore, it is the first part of the *Salzer* opinion relating to separate and independent rights and not the second part of the opinion relating to ERISA Plan rights that governs this case.

## II.    Plaintiff Has Asserted A Valid Claim Against Houlihan Lokey For Breach Of The Confidentiality Agreement.

Houlihan Lokey also asserts that Ferrell Companies has not asserted a valid claim against Houlihan Lokey for breach of the parties' August 2018 Confidentiality Agreement. Each of Houlihan Lokey's arguments on this point are wrong, and each will be addressed below.

First, Houlihan Lokey contends, erroneously, that Ferrell Companies lacks standing under the Confidentiality Agreement because it "is not a party to the Confidentiality Agreement." Mot. p. 9. This is demonstrably false. The Confidentiality Agreement states, in its very first paragraph, that it is "entered into by and between Houlihan Lokey Capital, Inc. ('Houlihan Lokey') and Ferrellgas Partners, L.P. (*together with its subsidiaries and affiliates*, the 'Company')." Complt., Ex. D, emphasis added. The signature page for Ferrellgas Partners, L.P. likewise states that Ferrellgas Partners, L.P. was signing "on its own behalf and on behalf of its subsidiaries and affiliates." *Id.* This makes sense because the Confidentiality Agreement stipulated that Houlihan Lokey would be provided with "Confidential Information" relating to Ferrellgas Partners, L.P. and each of these related companies. *Id.* § 1.

Houlihan Lokey's argument relies on the general proposition that "only a party to a contract has standing to sue for breach." Mot. p. 10. However, the repeated language in the Confidentiality Agreement encompassing Ferrellgas Partners, L.P.'s "subsidiaries and affiliates" gives rise to standing to Ferrell Companies as a matter of law that is ordinarily uncontroversial. *See, e.g., In re Optimal U.S. Litig.*, 813 F.Supp.2d 383, 393 (S.D.N.Y. 2011) (private banking agreements that encompassed defendants' "employees, agents and affiliates" allowed plaintiffs to sue a non-signatory defendant-affiliate); *Koch Indus. v. Hoechst Aktiengesellschaft*, 727 F.Supp.2d 199, 219 (S.D.N.Y. 2010) (contract providing rights for the signatory company and its "affiliates" gave standing to affiliate to assert contract rights); *Diamond Castle Partners IV PRC, L.P. v. IAC/InterActiveCorp*, 82 A.D.3d 421, 421-22, 918 N.Y.S.2d 73, 74 (New York 2011) (contract non-signatories had standing to assert breach of contract because the agreement provided rights for the signatory entity's "affiliates").[1] Ferrell Companies' Complaint alleges that it is the "100%

---

[1] The Confidentiality Agreement provides that it is governed by New York law. Complt., Ex. D § 9.

owner of Ferrellgas, Inc.," which is the "general partner" of Ferrellgas Partners, L.P. the Confidentiality Agreement's signatory.  Complt. p.1, n.1.  Thus, it plainly has standing to sue under the Confidentiality Agreement.

Second, Houlihan Lokey asserts, also incorrectly, that Ferrellgas Partners, L.P. is somehow "an indispensable party" to the Confidentiality Agreement whose joinder would destroy diversity, mandating dismissal.  Mot. p. 10.  This is wrong because this Court is not prevented from affording "complete relief among existing parties" without the participation of Ferrellgas Partners, L.P. in this litigation, as required under F.R.C.P. 19(a)(1).  Houlihan Lokey asserts that Ferrellgas Partners, L.P. is a necessary party simply because "FLP entered the Confidentiality Agreement." Mot. p. 11.  However, Ferrell Companies' Complaint does not seek to recover losses incurred by Ferrellgas Partners, L.P., and asserts its own rights under the agreement only.  Complt. ¶¶ 52-56.  Thus, Ferrellgas Partners L.P.'s participation in this suit is not necessary.  *See, e.g., Epoch Intl. Holding S.A. v. Hermanson*, 1986 U.S. Dist. LEXIS 16974, *5-6 (D. Kan. Dec. 3, 1986) (plaintiff could pursue breach of contract claim against one contract signatory and was not required to join the other five contract parties when "the defendant fails to establish how these parties are necessary in order for the current parties to obtain complete relief"); *see also Salt Lake Tribune Publ. Co. v. AT&T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003) (joinder of non-party not required when its "absence from the case would not prevent the district court from according complete relief among those already parties to the case"); *Collision Indus. Mgmt. Sols., LLC v. Newmann*, 2015 U.S. Dist. LEXIS 192611, *25 (D. N.M. July 14, 2015) (rejecting defendant's argument that "anytime litigation relating to a contract is pursued, all the parties to the contract are indispensable").

Third, Houlihan Lokey asserts that Plaintiff's Complaint "does not allege a plausible breach of the Confidentiality Agreement" by Houlihan Lokey because, according to Houlihan

Lokey, it only gave "Confidential Information" as defined under the agreement, to GreatBanc, which was "Directed Trustee" of the Ferrellgas Companies' ESOP and therefore should be treated as being a party to the agreement.  This is wrong on several fronts.  As an initial matter, GreatBanc is not a party to the Confidentiality Agreement, and the language to the Confidentiality Agreement limits the population of entities allowed to assert rights under it to Ferrellgas Partners, L.P. and its "subsidiaries and affiliates."  Complt., Ex. D.  GreatBanc is a third-party Directed Trustee by virtue of its Trust Agreement with Ferrell Companies.  Complt., Ex. B.  GreatBanc is not a Ferrellgas Partners, L.P. subsidiary or affiliate, and Houlihan Lokey cites absolutely no legal authority under which it should be considered to be such.

Moreover, Plaintiff's Complaint does not allege that Houlihan Lokey disclosed Confidential Information to GreatBanc only.  Rather, the Complaint alleges plainly that "Houlihan Lokey worked to recruit … potential replacement Ferrellgas directors," which efforts "improperly relied on – and caused the disclosure of – Confidential Information it received during its attempts to be engaged by Ferrellgas."  Complt. ¶¶ 20-21.  Thus, Ferrell Companies alleges that Houlihan Lokey disclosed Confidential Information to potential board of directors candidates as well as to GreatBanc. *See Epoch Intl.*, 1986 U.S. Dist. LEXIS 16974, at *3 ("A motion to dismiss is not the proper means for resolving these factual disputes.").  Consequently, Ferrell Companies amply alleges that Houlihan Lokey impermissibly disclosed Confidential Information to third parties outside of the Ferrellgas corporate family.

## CONCLUSION

For the foregoing reasons, Ferrell Companies' Complaint competently asserts claims against Houlihan Lokey for tortious interference with the Trust Agreement between Ferrell

Companies and GreatBanc, and breach of the Confidentiality Agreement between Ferrell Companies and Houlihan Lokey.

Respectfully submitted,

_s/James D. Griffin_
James D. Griffin        KS #12545
Brent N. Coverdale    KS #18798
SCHARNHORST AST KENNARD GRIFFIN PC
1100 Walnut Street, Suite 1950
Kansas City, MO  64106
Tel: (816) 268-9400
Fax: (816) 268-9409
E-mail:   jgriffin@sakg.com
              bcoverdale@sakg.com

and

Sarah K. Rathke       OH #0074280
(admitted _pro hac vice_)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Tel:  (216) 479-8500
Fax: (216)  479-8780
Email:   sarah.rathke@squirepb.com


_Attorneys for Ferrell Companies, Inc_

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this 30th day of June, 2020, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all persons registered to receive such notice.

<u>*s/James D. Griffin*</u>
Attorney for Ferrell Companies, Inc.