**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| FERRELL COMPANIES, INC., as Plan Sponsor and Plan Administrator of the Ferrell Companies, Inc. Employee Stock Ownership Plan, </br></br>     Plaintiff, </br></br>v. </br></br>GREATBANC TRUST COMPANY, </br></br>HOULIHAN LOKEY CAPITAL, INC. </br></br>     Defendants. | CASE NO. 2:20-cv-02229 |

**DEFENDANT HOULIHAN LOKEY CAPITAL, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO HOULIHAN LOKEY CAPITAL, INC.'S MOTION TO DISMISS**

 A. <u>Third Cause of Action - ERISA Preemption</u>

Ferrell Companies in its capacity as an ERISA Plan Sponsor and ERISA Plan Administrator ("Plaintiff"), argues that its Third Cause of Action for tortious interference is not preempted by ERISA because the "Trust Agreement is a separate and independent legal document that provides it is governed by Illinois law" and the Third Cause of Action "do[es] not seek to redress rights conferred by the ERISA Plan." Doc. #21 at 4. Plaintiff offers no allegations from the Complaint to support the argument. Instead, Plaintiff relies on excerpts from the Ferrell Companies, Inc. Employee Stock Ownership Plan (the "ERISA Plan") and Ferrell Companies, Inc. Employee Stock Ownership Trust (the "Trust Agreement"). *Id.*

Citing § 1.1 of the ERISA Plan, Plaintiff admits it "indicates plainly and not surprisingly in its first provision that it is governed by ERISA." *Id.* What is surprising, however, is that Plaintiff ignores § 1.3 of the ERISA Plan which, as Houlihan Lokey set forth in its Memorandum, Doc. #15 at 2, provides that "All contributions made under the Plan will be held, managed and

1

controlled by the Trustee ("the Trustee") *acting under a trust which implements and forms a part of the Plan,* Doc. #1-1 at § 1.3 (emphasis added).  Because the Trust Agreement unequivocally implements and forms a part of the ERISA Plan, and there is no dispute that the ERISA Plan is governed by ERISA, Plaintiff necessarily concedes that the Trust Agreement is likewise governed by ERISA.  A Trust Agreement cannot implement and form a part of the ERISA Plan, and simultaneously be separate and independent from the ERISA Plan.  Indeed, Plaintiff does not dispute that to determine whether GreatBanc breached the Trust Agreement it is necessary to determine if GreatBanc was acting in compliance with its ERISA fiduciary duties.  *See* Doc. #15 at 6 n.3.

Plaintiff also cites § 4.7 of the Trust Agreement to argue that the Trust Agreement is governed by Illinois law and therefore is not governed by the ERISA statutory scheme.  Doc. #21 at 4.  Section 4.7 actually states: "This Agreement shall be construed and administered according to the laws of the State of Illinois *to that extent that such laws are not preempted by the laws of the United States of America."*  Doc. #1-2 at § 4.7 (emphasis added).  If, as Plaintiff argues, the Trust Agreement existed outside ERISA, there would be no preemption, and no need to qualify the application of Illinois law to only the limited situations that ERISA preemption does not control, which is not the present case.[1]  Consistently, § 2.5 of the Trust Agreement provides that

---

[1] That § 4.7 contemplates that ERISA might not preempt Illinois law on every issue is entirely consistent with the Trust Agreement being an ERISA Plan document.  For example, ERISA exempts from preemption contractual terms governed by state insurance regulation.   *Ellis v. Liberty Life Ass. Co. of Boston*, 958 F.3d 1271, 1282-83 (10th Cir. 2020) (addressing an administrator's discretion to deny *insurance* benefits included in ERISA employee benefit plan).  On that discrete issue, a court must adopt either federal common law or state law and, if state law, one option is the choice of law selected by the parties.  *Id.*, at 1286-87 (adopting agreement choice of law to promote uniformity "in those areas where state law is not preempted [by ERISA]").  Plaintiff does not allege or argue that its Third Cause of Action involves a discrete area of state law like insurance regulation which ERISA expressly exempts from ERISA preemption.  Plaintiff's argument is the Trust Agreement is unrelated to the ERISA Plan.

2

GreatBanc is to perform the Trust Agreement, "in accordance with the documents and instruments governing the Plan unless, in the good faith judgment of the Trustee, the documents and instruments are not consistent with the provisions of ERISA."  Doc. #1-2 at § 2.5.

Plaintiff also expressly pleads GreatBanc's conduct that allegedly breached the Trust Agreement is governed by ERISA.  The Complaint alleges GreatBanc was an ERISA fiduciary.  Doc. #1 at ¶42.  The Complaint alleges GreatBanc was subject to ERISA's "strict fiduciary duties" to act "in accordance with the documents and instruments governing the plan."  *Id*. at ¶43.  The Complaint alleges GreatBanc violated that fiduciary duty "by failing to act in accordance with the ***documents and instruments governing the Plan*** by its attempted hijacking of the Ferrell Companies Board in violation of ***the Trust Agreement***."  *Id*. at ¶45 (emphasis added).  Taking the terms of the ERISA Plan, the Trust Agreement, and the Complaint allegations all as true, Plaintiff admits the Trust Agreement is an ERISA Plan document governed by ERISA.

As Houlihan Lokey detailed in its Memorandum, Doc #15 at 6 n.3, GreatBanc not following an ERISA Plan document like the Trust Agreement is not a *per se* ERISA violation under Section 404(a)(1)(D) or 409(a), the ERISA provisions upon which Plaintiff relies in The Second Cause of Action.  *See e.g.,* ERISA Section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D) ("insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.").  To establish an ERISA violation requires more than just a failure to comply with the terms of a plan document.  ERISA also requires that the failure to do so be contrary to the overarching ERISA fiduciary duty to the ERISA Plan.  In other words, if not following the term of a Plan document complies with its overarching ERISA fiduciary duty to the Plan, there is no "breach."  *See e.g., In re Sprint Corp. ERISA Litig*., 388 F. Supp. 2d 1207, 1237 (D. Kan. 2004).  As a matter of law, the question of whether GreatBanc's alleged "attempted hijacking of the Ferrell

Companies Board" in "violation of the Trust Agreement" states any claim for relief is completely controlled and preempted by ERISA.[2]

Plaintiff recognizes that *Salzer v SSM Health Care*, 762 F.3d 1130 (10th Cir. 2014), controls the ERISA preemption issue on the Third Cause of Action. Doc. #21 at 4. Plaintiff admits *Salzer* concerned claims against a hospital for breach of contract (which were based on a hospital services agreement and a provider agreement) and a tortious interference claim (for "interfering with his rights under his ERISA health plan."). *Id.* As Plaintiff describes the *Salzer* decision, "The Tenth Circuit . . . held the plaintiff's claims stemming from the separate **non-plan agreements** were **not preempted** by ERISA." *Id.* (emphasis added); *see also Salzer*, 762 F.3d at 1135 ("The contracts under which these [contract] claims arise are the Provider Agreement and the Hospital Services Agreement, ***not the Plan***") (emphasis added).

In *Salzer*, the health insurance contract on which the tortious interference with contract claim was based *was an ERISA Plan document*, unlike the non-plan agreements on which the contract claims were based. The court determined, therefore, that the tortious interference claim, unlike the claims based on non-plan agreements, was preempted because it required interpretation of the Plan and "depends upon Plan provisions." *Salzer*, 762 F.3d at 1138. Like the agreement in *Salzer* on which the tortious interference claim was based, the Trust Agreement is a Plan document, and Plaintiff's right to relief therefore depends upon Plan provisions and "does not rest on a legal duty independent of an ERISA plan's terms." *Id*.

---

[2] Ferrell Companies admits in SEC filings that GreatBanc's decision on how to vote the ESOP shares with respect to the Ferrell Companies Board, the gravamen of the alleged "hijacking," is ultimately controlled by its ERISA fiduciary duties: "[i]n all cases, the [ESOP] Trustee may vote the shares as it determines is necessary to fulfill its fiduciary duties under ERISA." Ferrell Companies 2019 10-K Form at 105, available at https://www.sec.gov/Archives/edgar/data/922358/000155837019008908/fgp-20190731x10k.htm

The distinction between claims dependent upon a "plan agreement" and claims based on agreements independent of the plan is critical to the preemption analysis, as the cases relied upon by Plaintiff demonstrate. *See* Doc. #21 at 5. Plaintiff recognizes that *Roberts v. Scarcello*, No. 16-2720-JWL, 2017 WL 169035 (D. Kan. Jan. 17 2017), involved claims based on the parties' partnership and joint venture agreement that was not part of the ERISA plan, and *It's Greek To Me, Inc. v. Fisher*, No 17-4084-KHV, 2018 WL 953111 (D. Kan. Feb. 20 2018), involved a tortious interference claim based on a "settlement agreement, independent of ERISA plan." Doc. #21 at 5.

In *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146 (10th Cir. 2004), also relied on by Plaintiff, the plaintiff received all benefits it was to receive under an ERISA benefit plan and did not claim otherwise and did not assert a breach of an ERISA plan. Rather, plaintiffs claimed they were fraudulently induced by their employer to take early retirement, and that claim was not in any respect dependent upon the terms of the ERISA plan or an analysis of ERISA obligations. *Id*. at 1151-52, 1158-59. *Salzer* is binding precedent and establishes the rule that if a tortious interference with contract claim is based on interference with an ERISA Plan document, that claim is preempted by ERISA.[3]

---

[3] Plaintiff also notes that GreatBanc did not move to dismiss the First Cause of Action for breach of the Trust Agreement based upon ERISA preemption. GreatBanc did assert preemption as an affirmative defense, Doc. #12 at 20, and the fact GreatBanc did not raise that defense by a motion to dismiss the First Cause of Action has nothing to do with the analysis this Court must undertake to resolved the preemption issue.

Presumably GreatBanc's decision was strategic. Plaintiff's claims against GreatBanc in the First Cause of Action and Second Cause of Action both rely on "failing to act in accordance with the documents and instruments governing the Plan," Doc. #1 at ¶¶ 39, 45, specifically the Trust Agreement. Thus, even if the First Cause of Action were dismissed, GreatBanc would still be faced with defending the same alleged Trust Agreement breaches in the Second Cause of Action. At this stage of the proceedings, GreatBanc would gain nothing by moving to dismiss the First

B. Fourth Cause of Action – Breach of Confidentiality Agreement

1. Standing

Plaintiff does not dispute that it brings this action "in its capacities as Plan Sponsor and Plan Administrator of the Ferrell Companies, Inc. Employee Stock Ownership Plan." Doc. #1 at 1. Plaintiff does not dispute that the ERISA Plan is a separate and distinct legal entity with the right to sue and be sued. Accordingly, there is no dispute Plaintiff brings the Complaint solely as the legal representative of the legally sperate and distinct ERISA Plan.

Count IV is based upon the allegation that "Houlihan Lokey entered into a Confidentiality agreement with *Ferrellgas* dated August 30, 2018 (Exhibit D)." Doc. #1 at ¶53 (emphasis added). In the Complaint, Plaintiff identifies each legally distinct entity comprising "Ferrellgas." *Id.* at 2 n.1. Plaintiff does not dispute the ERISA Plan, a legally distinct entity, is not one of the entities comprising Ferrellgas. Because the ERISA Plan is not a party to the Confidentiality Agreement, Plaintiff, solely as a representative of the ERISA Plan, likewise has no standing to bring Count IV.

Presumably having reached the same conclusion, Plaintiff ignores its Complaint allegations and turns to the term "subsidiaries and affiliates" of Ferrellgas Partners, L.P. found in the Confidentiality Agreement. Doc. #21 at 7. Plaintiff claims that Ferrell Companies is a "subsidiary or affiliate" of Ferrellgas Partners, L.P. and thus has standing to sue. *Id.* at 7-8. Even if correct, it is irrelevant. Ferrell Companies in its own right is not the Plaintiff here. The Plaintiff is Ferrell Companies as the Plan Sponsor and Plan Administrator, which brings the Fourth Cause of Action in that representative capacity on behalf of the ERISA Plan. It can only assert the ERISA Plan's contractual rights. Whatever "subsidiaries and affiliates" could mean, Plaintiff neither

---

Cause of Action given that the Second Cause of Action would remain and GreatBanc would be defending the same conduct.

alleges nor argues the legally distinct ERISA Plan is a "subsidiary or affiliate" of Ferrellgas Partners, L.P. The fact remains the Fourth Cause of Action for breach of the Confidentiality Agreement defines "Ferrellgas" as the parties to the Confidentiality Agreement, and there is no dispute the legally distinct ERISA Plan is not one of them.[4]

If there was a factual basis to do so, Ferrell Companies could have availed itself of its right under Federal Rule of Civil Procedure 15(a)(1)(B) to amend its Complaint to allege the separate and legally distinct ERISA Plan was a party to the Confidentiality Agreement. It did not do so. The Fourth Cause of Action should be dismissed.

 2. Indispensable Party

Federal Rule of Civil Procedure 19(a)(1)(A) and (B) provide two standards which, if either is met, make an absent party a "[r]equired party." Rule 19(a)(1)(A) provides that a party is required to be joined if complete relief cannot be accorded among the existing parties. Rule 19(a)(1)(B) provides that a party is required to be joined if the absent party is situated such that disposing of the action in that party's absence "*may* (i) as a practical matter impair or impede the person's ability to protect the interest; *or* (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B) (emphasis added). Houlihan Lokey argues that Ferrellgas Partners, L.P. ("FLP") is a required party under subsection (B), and specifically (B)(ii).

Ferrell Companies argues that FLP is not a required party because Ferrell Companies "does not seek to recover losses incurred by [FLP]" and for that reason complete relief can be accorded

---

[4] The fact that Ferrell Companies alleges and argues that it is the 100% owner of Ferrell Gas, Inc. which is the general partner of Ferrellgas Partners, L.P., the signatory on the Confidentiality Agreement, does not change the fact Ferrell Companies sues as the representative of the ERISA Plan, and the ERISA Plan is not a party to the Confidentiality Agreement.

among the existing parties, Doc. #21 at 8, meaning that the standard under subsection (A) is not met. Each case on which Ferrell Companies relies is cited as supporting the proposition that subsection (A) is not met." *See* Doc. #21 at 8. Ferrell Companies' argument misses the mark.

Houlihan Lokey argued that subsection (B)(ii), not subsection (A), is met in this case. *See* Doc. #15 at 12. Yet, Plaintiff ignores subsection (B)(ii). Plaintiff does not dispute that Houlihan Lokey "may" be subject to incurring multiple or inconsistent obligations as Houlihan Lokey described in its Memorandum. *Id.*. The court should conclude that it is undisputed that FLP is a "necessary party" under Rule 19(a)(1)(B)(ii).

Houlihan Lokey argued in its Memorandum why FLP is an indispensable party and why FLP could not feasibly be joined. *Id.* Plaintiff does not dispute that FLP could not be feasibly joined, and Plaintiff's only basis for challenging FLP being indispensable is the argument, discussed above, that FLP is not a necessary party under subsection (A). The court should conclude that it is undisputed that FLP is an indispensable party that cannot be feasibly joined. The Fourth Cause of Action should be dismissed for that reason.

3. No Plausible Breach

Plaintiff does not dispute that the entities defined to be "Ferrellgas" include the Ferrell Companies Stock Ownership Trust. Plaintiff does not dispute that the Trust is represented by and acts through its Trustee, which Plaintiff alleges was GreatBanc during the relevant time period. Plaintiff does not dispute that providing Confidential Information to a party to the Confidentiality Agreement is not a breach of the Confidentiality Agreement.

Saddled with those undisputed facts, Plaintiff argues that GreatBanc was not a subsidiary or affiliate of Ferrellgas Partners, L.P., so it is not a party to the Confidentiality Agreement and, therefore, the Confidentiality Agreement was breached when GreatBanc allegedly received

8

Confidential Information. Doc. #21 at 8-9. Whether GreatBanc was a "subsidiary or affiliate of Ferrellgas Partners, L.P." is completely irrelevant to and fails to address Houlihan Lokey's point.

Houlihan Lokey did not argue that GreatBanc was a "subsidiary or affiliate" as that term is used in the Confidentiality Agreement. Rather, based on Plaintiff's allegation that the Trust is a party to the Confidentiality Agreement, Doc. #1 at 2 n.1, ¶53, Houlihan Lokey argues that providing information to the Trustee, GreatBanc, is the same as providing information to the Trust. Plaintiff agrees that it pleads that the Trust is a party to the Confidentiality Agreement. Plaintiff does not dispute that providing Confidential Information to a party to the Confidentiality Agreement is not a breach of the Confidentiality Agreement. Count IV should be dismissed for this reason.

Plaintiff next argues that it also alleges that Houlihan Lokey disclosed confidential information to potential board members. Plaintiff relies on paragraphs 20-21 in its Complaint to support that argument. *See* Doc. #21 at 9. Those paragraphs say nothing about any persons or entity to whom Houlihan Lokey allegedly disclosed Confidential Information. Paragraph 20, read most liberally in favor of Plaintiff, says nothing more than Houlihan Lokey worked to recruit and provide to GreatBanc the names of new Ferrellgas directors and worked with GreatBanc to procure GreatBanc's breach of the Trust Agreement and fiduciary duties. Paragraph 20 says nothing about to whom Confidential Information was disclosed. Paragraph 21, read most liberally in favor of Plaintiff, says that Houlihan Lokey's efforts, presumably those described in paragraph 20, relied on and caused the disclosure of Confidential Information. Paragraph 21 says nothing about to whom Confidential Information was disclosed. Plaintiff's contention that it alleged "that Houlihan Lokey disclosed Confidential Information to potential board of directors as well as to GreatBanc,"

9

Doc. #21 at 9, is not supported by any allegation in its Complaint and, accordingly, the Fourth Cause of Action should be dismissed.[5]

Dated: July 24, 2020

Respectfully submitted,

GM LAW PC

By: /s/ Phillip G. Greenfield
Kirk T. May           KSD Bar No. 22356
Phillip G. Greenfield   KSD Bar No. 70044
Carrie D. Phillips    KSD Bar No. 27534
1201 Walnut Street, Suite 2000
Kansas City, MO  64106
(816) 471-7700 - Telephone
(816) 471-2221 - Facsimile
kirkm@gmlawpc.com
philg@gmlawpc.com
carriep@gmlawpc.com

*Attorneys for Defendant Houlihan Lokey Capital Inc*

---

[5] Plaintiff does allege that "Upon information and belief, Houlihan Lokey did disclose Confidential Information to GreatBanc *and others*." Doc. 1 at ¶55 (emphasis added). Plaintiff, however, does not rely on the unspecified "others," presumably because it knows that allegation is insufficient to be taken as true under Rule 12(b)(6) and *Twombly*. *Biomin America, Inc. v. Lesaffre Yeast Corp.*, No. 2:20-cv-02109-HLT, 2020 WL 2395200 at *5 (D. Kan. May 12, 2020) (dismissing claim alleging that defendant misused confidential information to solicit plaintiff's customers where the name of one customer-entity was identified, but there was no allegation identifying who within the entity defendant spoke to, what was said, and the nature of the alleged misuse); *Broadband iTV, Inc. v. Hawaiian Telcom, Inc.*, No. CIV. 14-00169 ACK, 2014 WL 5580967, at *3 (D. Haw. Oct. 30, 2014) (dismissing claim of induced infringement because complaint failed to identify who was induced and what conduct was induced).

10

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on July 24, 2020, a copy of the foregoing document was filed with the Clerk of the Court on the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                          /s/Phillip G. Greenfield
                          *Attorney for Defendant Houlihan Lokey Capital Inc.*