**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | | |
|---|---|---|
| FERRELL COMPANIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:20-cv-02229-JTM-KGG |
| | ) | |
| v. | ) | |
| | ) | |
| GREATBANC TRUST COMPANY, and | ) | |
| HOULIHAN LOKEY CAPITAL, INC., | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANT GREATBANC TRUST COMPANY'S RESPONSE TO**
**PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE**

The typical process in this District is to hold the Rule 26(f) conference after the entry of

an initial scheduling order. Courts have broad discretion to defer that order in the interest of

efficiency. This appears, at least to GreatBanc Trust Company ("GreatBanc"), to be what the

Court has chosen to do given the fully briefed motion to dismiss filed by Houlihan Lokey Capital,

Inc. ("Houlihan") (ECF Nos. 14-15, 21, 25). Indeed, the interests of efficiency are best served by

deferring the initial scheduling order – and thus the Rule 26(f) conference – until the motion to

dismiss is decided. GreatBanc explained this to Plaintiff Ferrell Companies, Inc. ("Ferrell") on

September 8, 2020, in response to Ferrell's request to hold the conference that week. (ECF No.

27-1.) The very next morning, without responding to GreatBanc or making any further attempt to

communicate, Ferrell filed a motion to compel a Rule 26(f) conference ("Motion"). (ECF Nos.

26-27.)

Ferrell does not argue that it is more efficient to hold the conference before Houlihan's

motion is decided, and it makes no allowance for the possibility that the Court, by deferring the

initial order on planning and scheduling, may be proceeding exactly as it intends.  Instead, Ferrell

assumes the worst of GreatBanc stating that GreatBanc has, for purposes of delay, taken positions that are found nowhere in GreatBanc's email. The Motion should be denied.

I.     **PERTINENT BACKGROUND**

While Ferrell accurately sets forth the chronology of the complaint and responsive pleadings (ECF No. 27 at 2), the events leading up to the Motion require further explanation. In a late-night email sent on Thursday, September 3, 2020, Ferrell's counsel requested that the parties schedule a Rule 26(f) conference for the following week, noting their understanding that motion practice does not stay discovery. (ECF 27-1 at 3.) Counsel for GreatBanc and Houlihan responded on Tuesday, September 8th, after the Labor Day holiday. (*Id.* at 1-2.)

Houlihan stated that "[u]nder the Rules as applied in the District of Kansas, the Rule 26(f) meeting is addressed in the Court's Initial Order on Planning and Scheduling." (*Id.* at 1-2.) Houlihan "intend[ed] to proceed according to the Initial Order," once entered, including for setting the Rule 26(f) conference date. (*Id.* at 2.) GreatBanc "agree[d] that the parties should follow the typical process in the District of Kansas," as described by Houlihan, because it would be inefficient to have the conference now. (*Id.* at 1). GreatBanc further explained that it is possible the Court intended to wait to issue its initial planning order until after the ruling on Houlihan's motion to dismiss for that very reason. Without any further communication, Ferrell filed its Motion the next morning. (*See id.* at 1-3.)

As apparent justifications for the Motion, Ferrell imputes stances to GreatBanc that GreatBanc neither stated nor takes. Ferrell states that "GreatBanc *insisted* that the conference should wait until the resolution of [Houlihan's] motion to dismiss" (ECF 27 at 3) (emphasis added). GreatBanc has not insisted on anything. Rather, it stated it would be most efficient for the parties to wait for the Court's initial order on planning and scheduling before having a Rule

26(f) conference. Likewise, GreatBanc never stated or implied it was "refusing to confer" to effectively create a stay of discovery. (ECF No. 27 at 4.) Instead, GreatBanc said it would be most efficient to follow this District's standard practice. (*See* ECF No. 27-1.) And although Ferrell states that it "sought to confer with Defendants without court intervention" (ECF No. 27 at 5 n.3.), it never did so in the spirit of how that process is commonly understood. *See* D. Kan. Rule 37.2 ("A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.") Here, there was nothing more than an exchange of emails concerning Ferrell's request to schedule a Rule 26(f) conference. (*See* ECF No. 27-1.)

## II.  ARGUMENT

### A.  Applicable Rules and Standards.

The court may, in the exercise of its broad discretion, alter the timing, sequence, and volume of discovery, including delaying the issuance of a Rule 16(b) order and the date for the Rule 26(f) conference.  *See Soto-Montes v. Bogart*, No. 08-3108-KHV-GLR, 2009 WL 1862455, at *1 (D. Kan. June 26, 2009). Indeed, "Rule 16(b) allows the judge to delay issuance of a scheduling order (and consequently the Rule 26(f) conference) if good cause for delay is found." *Ariix, LLC v. NutriSearch Corp.*, No. 17 CV 00320, 2017 U.S. Dist. LEXIS 155557, *4 (S.D. Cal. Sept. 22, 2017) (denying motion to compel Rule 26(f) conference).

In this District, the Rule 26(f) conference is typically held after entry of an initial order on planning and scheduling. *See*, *e.g.*, *Donaldson v. U.S. Dep't of Treasury*, No. 17-1213-EFM-GEB, 2017 WL 5632867, at *1 (D. Kan. Oct. 23, 2017) ("In this action, the parties are not yet required to engage in their Rule 26(f) conference—the Court will issue an Initial Scheduling Order, which establishes a Rule 26(f) conference deadline, after all Defendants have answered Plaintiff's

Complaint."); Order Denying Mot. to Compel, ECF No. 16 at 1-2, *Abraham v. Hampton Inn Corp. et al.*, No. 18-2137-DDC (D. Kan. May 21, 2018) (O'Hara, Mag. J.) ("Typically, this conference is held after the court issues what it calls an 'initial order on planning and scheduling.'"); Order on Joint Request, ECF No. 20 at 1, *Ragan v. VinSolutions, Inc.*, No. 20-2225-DDC (D. Kan. Aug. 11, 2020) (O'Hara, Mag. J.) (agreeing "it is in the interest of judicial economy" to defer initial scheduling order until resolution of motion to dismiss).

Consistent with this practice, courts in this District have deferred the initial scheduling order, and thus the Rule 26(f) conference, where postponement due to a pending motion dismiss serves the interests of efficiency. *See*, *e.g.*, *Pipeline Prods., Inc. v. Madison Cos., LLC*, No. 15-4890-KHV, 2017 WL 11492776, at *1 (D. Kan. July 24, 2017) ("Where, as in this case, the operative complaint is challenged by a motion to dismiss, delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources. The court shall wait until the pending motion to dismiss is decided before setting a Scheduling Conference."). And this approach has been used when fewer than all defendants have moved to dismiss. *See*, *e.g.*, *Berry v. Ulrich Hereford Ranch, Inc.*, No. 17-2109-JTM-GEB, 2017 WL 2501071, at *4 (D. Kan. June 9, 2017) (finding it "inefficient to proceed with scheduling and full discovery" as to non-moving defendant only); *Wedel v. Craig*, No. 10-1134-JWL, 2010 WL 11565384, at *1 (D. Kan. July 9, 2010) (finding bifurcated discovery against non-moving defendant would be "prejudicial, wasteful, and burdensome"). *Berry* and *Wedel* both involved a situation where the court applied a stay that was in place for moving defendants to the non-moving defendant.[1]

---

[1] GreatBanc is not requesting a stay here; it only requests that this District's typical scheduling process be followed.

       **B.**      **Holding the Rule 26(f) Conference After the Court Rules on Houlihan's Motion to Dismiss Serves the Interests of Efficiency.**

GreatBanc's position is that the parties should follow the typical procedure for setting Rule 26(f) conferences in this District. (ECF No. 27-1 at 1.) If this is the approach the Court intends here, GreatBanc agrees it best serves the interests of efficiency for the parties and the Court. Resolving Houlihan's motion to dismiss before issuing an initial order on planning and scheduling would provide clarity on the asserted claims and defenses and avoid the burden of unnecessary discovery. (*See* ECF No. 27-1 at 1.)

Ferrell's complaint makes sweeping allegations against GreatBanc, Houlihan, and various named and unnamed third parties. (*E.g.*, ECF No. 1 at 4-5, 16-19.) As Ferrell admits, "the claims against GreatBanc . . . are closely intertwined with those against [Houlihan]." (ECF No. 27 at 4.) Ferrell's assertions demonstrate the inefficiency of holding a Rule 26(f) conference before Houlihan's motion is resolved. As GreatBanc explained to Ferrell, if the motion is granted, "Houlihan would no longer be a party and the scope of this litigation, and Houlihan's discovery obligations, would be narrower." (ECF No. 27-1 at 1.) Thus, "[a]ny time spent preparing party discovery to Houlihan would, in large part, be wasted." (*Id.*) On the other hand, "[i]f the motion is denied, then all parties can proceed along the same track for discovery." (*Id.*) In these circumstances, GreatBanc is not requesting a stay, but rather that the parties follow the scheduling process typically used in this District. Ferrell does not argue in its Motion that it would be more efficient to depart from this District's typical practice.

## III.    CONCLUSION

For the reasons set forth above, GreatBanc respectfully requests that the Court deny Ferrell's Motion to Compel.

Dated:  September 14, 2020

Respectfully submitted,

*Of Counsel:*

SHOOK, HARDY & BACON L.L.P.

AKERMAN LLP
Mark S. Bernstein (admitted *pro hac vice*)
Shawn M. Taylor (admitted *pro hac vice*)
Benjamin N. Prager (admitted *pro hac vice*)

By:  */s/ Todd W. Ruskamp*
    Todd W. Ruskamp, D.Kan #70412
    Jessica A.E. McKinney, D.Kan #78649

71 South Wacker Drive, 47th Floor
Chicago, IL 60606
Telephone: 312-634-5700
Facsimile: 312-424-1900
Email: mark.bernstein@akerman.com
     shawn.taylor@akerman.com
     ben.prager@akerman.com

2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816-421-5547
Email: truskamp@shb.com
     jamckinney@shb.com

*Attorneys for Defendant GreatBanc Trust Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2020, I electronically filed the foregoing with the Court by using the Court's electronic filing system, which sent out notification of such filing to all counsel of record.

 */s/ Todd W. Ruskamp*
*Attorney for Defendant GreatBanc Trust*
*Company*