IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

F<small>ERRELL</small> C<small>OMPANIES</small>, I<small>NC</small>, as Plan Sponsor
and Plan Administrator of the Ferrell
Companies, Inc. Employee Stock Plan,
      Plaintiff,

vs.                                               No. 20-2229-JTM

G<small>REAT</small>B<small>ANC</small> T<small>RUST</small> C<small>OMPANY</small>, and
H<small>OULIHAN</small> L<small>OKEY</small> C<small>APITAL</small>, I<small>NC</small>.,
      Defendants.

MEMORANDUM AND ORDER

Plaintiff Ferrell Companies, Inc., brings claims against the former Trustee of its Employee Stock Option Plan, GreatBanc Trust Company. Ferrell alleges that GreatBanc breached the Trust Agreement by attempting to install its own board of directrors for Ferrell, and that it violated its fiduciary duties under ERISA § 409(a), 29 U.S.C. § 1109(a). Ferrell also brings claims against Houlihan Lokey, a financial adviser, for tortious inteference and breach of contract. Houlihan Lokey has moved to dismiss the claims against it. For the reasons provided herein, the court finds that the motion should be granted.

**Allegations in the Complaint**

The plaintiff alleges in the Complaint that under the Trust Agreement, the Directed Trustee (GreatBanc) has only the powers that are expressly granted to it, and it

cannot act without direction from the Plan Administrator (Ferrell Companies). GreatBanc must "discharge its duties hereunder solely in the interests of the Plan's Participants and other persons entitled to benefits under the Plan." The Agreement gives GreatBanc no authority over FGP or OpCo, and Ferrell Companies has the power to replace the Trustee.

The Complaint alleges that in 2015 Ferrellgas employed its Directed Trustee GreatBanc as a discretionary trustee to independently evaluate a proposed $822 million acquisition of Bridger Logistics, and oil shipping company. Ferrellgas paid GreatBank a fee of $500,000 (ten times its annual compensation as Directed Trustee). GreatBanc reported that the Bridger acquisition was in the best interest of Plan Participants and approved it. Ferrellgas financed by the acquisition by selling additional limited partnership interests in FGP, and issuing over $500 million in FGP and OpCo bond debt. Howver, the Bridger acquisition failed and Ferrellgas struggled under the accumulated debt.

The Complaint alleges that GreatBanc, in collaboration with former Ferrellgas officers (CFO Ryan VanWinkle and COO Boyd McGathey), sought to purchase Ferrellgas on behalf of outside investors.

In August of 2018, Ferrellgas considered employing Houlihan Lokey for advice on how to recover from the Bridger failure. The parties entered into a Confidentiality Agreement as the parties discussed the proposed employment.

2

The Complaint alleges that, after Ferrellgas decided not to hire Houlihan Lokey, that company surreptiously began working GreatBanc to recruit replacement Ferrellgas directors who would cooperate with the VanWinkle investors, using some confidential information it had previously obtained or through meetings with GreatBanc and former Ferrellgas officers.

On July 1, 2019, GreatBanc wrote to the boards of Ferrell Companies and FGI asking that they appoint a Special Committee of outside directors. The Special Committee would hire its own legal and financial advisors to assess a restructuring plan put together by the VanWinkle group, Brookfield Asset Management, and Caligan Partners. Jim Ferrell responded on July 22, stating that the Ferrell Companies Board decided not to establish the Special Committee, but to instead have the full board consider the GreatBanc's proposals in conjunction with those of its outside advisor, Moelis & Company. The boards of Ferrell Companies and FGI approved Moelis's recommendations on July 27.

The Complaint alleges that GreatBanc violated the Trust Agreement by abandoning its limited role as Directed Trustee, and as an activist in concert with Houlihan Lokey. GreatBanc's legal counsel wrote to demand reports of discussions and analyses undertaken by the Ferrell Companies Board regarding third-party proposals received by the company, as well as information regarding the "addition of independent Board member(s) comprised of individual(s) proposed by GreatBanc."

Ferrell Companies responded that its board had exercised its independent business judgment in developing a long-term strategic plan, that the Brookfield and Caligan proposal would not serve the company's long-term objectives, and that GreatBanc need not pursue the matter further. When GreatBanc continued to press the Brookfield/Caligan Proposal, the Ferrell Companies Board voted to remove it as Directed Trustee and to hire James Urbach and his company, ESOP Fiduciaries, Inc., as an interim successor trustee. In accordance with Section 6.2 of the Trust Agreement, Ferrell Companies sent GreatBanc thirty days Notice of Removal.

The Complaint alleges that, rather than accepting the removal, GreatBanc acted to help outside interests, writing an October 28, 2019 ultimatum that Ferrell Companies should direct GreatBanc to replace its entire Board "by close of business on October 25, 2019" with new directors chose by Houlihan Lokey. Otherwise, GreatsBank would replace the Board unilaterally. The Complaint alleges that GreatBanc's conduct was unauthorised by the Trust Agreement, and was motivated by self-interest, as well as the interest of Houlihan Lokey and bondholders hoping to provoke a default.

When Ferrell Companies sued GreatBanc in this court, GreatBanc counterclaimed and sought a temporary restraining order to prevent its removal as Directed Trustee. Judge Robinson denied the request for a TRO on November 7, 2019 *Ferrell Companies v. GreatBanc Trust*, No. 19-2656-JAR (D. Kan.) (Dkt. 28).

Although GreatBanc was duly removed as Directed Trustee, and the earlier action dismissed by stipulation on February 21, 2020, the Complaint in the present

4

action alleges that Ferrellgas was forced to incur significant legal and other costs. It advances four causes of action — (1) that GreatBanc breached the Trust Agreement; (2) that GreatBank violated its fiduciary duties under ERISA § 409(a), 29 U.S.C. § 1109(a); (3) that Houlihan Lokey tortiously interfered with GreatBanc's contractual and fiduciary duties to Ferrellgas; and (4) that Houlihan Lokey breached the 2018 Confidentiality Agreement.

**Conclusions of Law**

In its Motion to dismiss, Houlihan Lokey argues that Count 3 of the Complaint is preempted by ERISA, and that Count 4 fails as a matter of law because the plaintiff Ferrell Companies, as Plan Administrator, was not a party to the the Confidentiality Agreement. Defendant stresses that the ERISA Plan itself is not a party to the Confidentiality Agreement or a party to the present action. And the plaintiff Plan Administrator (Ferrell Companies) was not expressly a party to the Confidentiality Agreement. Ferrellgas Partners, which is a party to the Confidentiality Agreement, is an indispensible party who presence would destroy diversity.

With respect to preemption, both parties cite to the Tenth Circuit's decision in *Salzer v. SSM Health Care of Ok*. 762 F.3d 1130 (10th Cir. 2014). Houlihan Lokey cites the case for the proposition that a tortious interference claim relating to an ERISA claim is preempted by the federal law; Ferrellgas notes that in *Salzer* the court found that

additional contract claims were not subject to preemption. *Id*. at 1135. Ferrellgas stresses that it is not suing under the Plan, but under the Trust Agreement.

The court finds the two agreements cannot be artificially divided in the way the plaintiff now alleges. The Third Cause of Action in the Complaint indeed focuses on GreatBanc's "contractual and fiduciary duties to Ferrellgas pursuant ot the Trust Agreement," and that Houlihan Lokey knew of those duties but got GreatBanc to breach them. (Dkt. 1, ¶¶ 47-50). But the Trust Agreement between Ferrell Companies and GreatBanc (originally LaSalle National Bank, the defendant's predecessor in intrest) doesn't exist in isolation. The introductory clause to the Trust Agreement expressly acknowledges that "the trust provisions contained herein shall constitute the agreement between the Company and the Trustee in connection with the Plan…" (Dkt. 1, Exh. B, at 5).[1] And the Plan Agreement also recognizes the close relationship. Section 1.3 of the Plan recognizes that "contributions made under the Plan will be held, managed and controlled by the Trustee ("the Trustee") acting under a trust which implements and forms a part of the Plan." (Dkt. 1-1, at 7).

More importantly, the allegations in the Complaint make it certain that the Plan will inevitably be a central feature of the litigation. The plaintiff's Complaint itself illustrates this point in its Second Cause of Action, alleging that GreatBanc "violated its

---

[1] Plaintiff argues (Resp. at 4) against preemption by stressing that Section 4.7 of the Trust Agreement provides that it shall be interpreted under the law of Illinois. But the provision actually provides: "This Agreement shall be construed and administered according to the laws of the State of Illinois *to that extent that such laws are not preempted by the laws of the United States of America*." (Dkt. 1, Exh. B) (emphasis added).

[ERISA] obligations … by failing to act in accordance with the documents and instruments governing the Plan by its attempted hijacking of the Ferrell Companies Board *in violation of the Trust Agreement*." (Dkt. 1, ¶ 45).

As pled, the tortious interference claim inherently requires a determination of whether GreatBanc violated the Trust Agreement, which is an ERISA Plan document. The court finds that the plaintiff's allegations that GreatBanc violated the Trust Agreement by its "attempted hijacking" of the Ferrell Companies Board inevitably addresses the Trustee's obligations under the Plan. The claim is preempted because the plaintiff is seeking to enforce rights which arise under the terms of an ERISA plan, and does not rest on any legal duty outside the terms of the ERISA plan. *See Salzer*, 762 F.3d at 1138 (plaintiff's "claim for tortious interference can succeed only if his ERISA plan actually entitled him to a discount" is preempted, as "interpretation of the Plan is a necessary component of the claim") (citing *Aetna Health v. Davila*, 542 U.S. 200 (2004)).

With respect to the claim for breach of the Confidentiality Agreement, as noted earlier, Houlihan Lokey argues relief cannot be awarded because the action has not been brought by the proper parties. The Fourth Cause of Action in the Complaint is based on the Confidential Agreement between Houlihan Lokey and "Ferrellgas," which the Complaint defines as a variety of corporate entities, "all separate and distinct."[2] On

---

[2] Footnote 1 of the Complaint (Dkt. 1, p. 2) explains:

> While the enterprise is commonly known as "Ferrellgas," there are multiple corporate entities that fall under that name, which entities are all separate and

7

the other hand the Complaint itself is expressly brought by Farrell Companies, Inc. "in its capacities as Plan Sponsor and Plan Administrator of the Ferrell Companies, Inc. Employee Stock Ownership Plan."

Houlihan Lokey seeks dismissal because the plaintiff has no standing to bring the action. Here the Complaint is brought on behalf of the Plan, even though the Plan was not a party to the Confidentiality Agreement. Further, defendant argues, the Ferrellgas entity which was expressly a party to that Agreement—Ferrellgas Partners, L.P.—is an indispensible party, but cannot be joined as party here because its presence would destroy diversity jurisdiction. Finally, it also argues that the plaintiff has failed to present a plausible claim the Agreement was breached.

The plaintiff responds by observing that the complete relief can be accorded in the present action, because the Confidentiality Agreement (Dkt. 1, Exh. D) actually provides that the contract exists between Houlihan Lokey and "Ferrellgas Partners, L.P. (together with its subsidiaries and affiliates, the 'Company')." As an affiliate of Ferrellgas Partners, plaintiff argues, it is entitled to bring the action on its own behalf. It argues that Ferrellgas Partners, L.P. is not an indispensible party within the meaning of

---

distinct. Ferrell Companies is 100% owned by the Plan's Ferrell Companies Inc. Employee Stock Ownership Trust (the "Trust"). Ferrell Companies, in turn, is the 100% owner of Ferrellgas, Inc. ("General Partner" or "FGI"). General Partner is the general partner of both Ferrellgas Partners, L.P. ("FGP"), a publicly traded master limited partnership, and FGP's subsidiary, Ferrellgas, L.P. ("OpCo"). Ferrell Companies is also the owner of approximately 23% of the limited partnership units of FGP. FGP owns 99% of the limited partnership interests of OpCo. Collectively, these entities are referred to as "Ferrellgas."

8

Fed.R.Civ.Pr. 19(a)(1)(A), and that the Complaint plausibly alleges that defendant produced confidential information to GreatBanc and other persons.

The court dismisses the Fourth Cause of Action. Even if Ferrell Companies, Inc. is considered an affiliate of Ferrellgas Partners, L.P., and thus a party to the Confidentiality Agreement, the fact remains that the action is brought by Ferrell Companies *on behalf of the Plan*. The Plan is not a party to the Agreement, and the plaintiff lacks standing.

With respect to defendant's indispensible party argument, plaintiff argues Houlihan Lokey is "wrong because this Court is not prevented from affording "complete relief among existing parties" without the participation of Ferrellgas Partners, L.P. in this litigation, as required under F.R.C.P. 19(a)(1)." (Dkt. 21, at 8). But the defendant's motion was not premised on the cited, lack of "complete relief" provision, but on Rule 19(a)(2)(ii), which provides for discretionary dismissal if nonjoinder "may … leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the claimed interest." The plaintiff never addresses this prong of Rule 19, and never responds to Houlihan Lokey's argument that, as a limited partnership, Ferrellgas Partners cannot be joined without destroying diversity jurisdiction.[3] The absence of that entity means it is not

---

[3] Houlihan Lokey, a citizen of California, argues plaintiff has failed to show that none there are not California interest holders in the Ferrellgas Partners limited partnership *See Grynberg v. Kinder Morgan Energy Partners,* 805 F.3d 901, 905 (10th Cir. 2015) (limited partnership shares citizenship with its unitholders).

bound by any decision here, and inherently leaves defendant subject to additional liablity.

The court does not find that the plaintiff has failed to state a plausible claim for relief. The Complaint largely focuses on the alleged release of confidential information to GreatBanc. Yet, as defendant argues, the Confidentiality Agreement expressly includes the Trust as a party, and the Trust could only operate through its Trustee— GreatBanc. The plaintiff has failed to explain how Houlihan Lokey violated the agreement by revealing information to the Trustee of one of the parties to the Agreement.

In its Reply, the plaintiff argues that its Complaint is not limited to claiming that Houlihan Lokey revealed confidential information to GreatBanc only. Rather, it argues, Paragraphs 20 and 21 of the the Complaint, taken together, essentially allege that Houlihan Lokey used confidential information to help it recruit potential directors and that the defendant disclosed information to directors it was proposing to recruit. The defendant replies (Dkt. 25, at 9) the cited language (Dkt. 1, ¶¶ 20-21) merely shows that Houlihan worked to identify potential directors to GreatBanc, but "says nothing about to whom Confidential Information was disclosed."

The court finds that plaintiff's Fourth Cause of Action remains at least plausible. The cited language from Pargraphs 20 and 21 should also be read with the penultimate allegation in the Fourth Cause of Action, which alleges that "[u]pon information and belief, Houlihan Lokey did disclose Confidential Information to GreatBanc *and others*."

10

(¶ 55, emphasis added). The Complaint sufficiently alleges there was some disclosure of information to outside persons, and dismissal is not warranted on the ground alleged.

However, the Fourth Cause of Action remains subject to dismissal for lack of standing and pursuant to Rule 19. The Third Cause of Action is preempted by ERISA.

IT IS ACCORDINGLY ORDERED this day of October, 2020, that the defendant's Motion to Dismiss (Dkt. 14) is hereby granted.

*J. Thomas Marten*
J. Thomas Marten, Judge