IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FERRELL COMPANIES, INC, as Plan Sponsor
and Plan Administrator of the Ferrell
Companies, Inc. Employee Stock Plan,
       Plaintiff,

vs.                                      No. 20-2229-JTM

GREATBANC TRUST COMPANY, and
HOULIHAN LOKEY CAPITAL, INC.,
       Defendants.

MEMORANDUM AND ORDER

By prior Order (Dkt. 35), the court granted the motion to dismiss of defendant Houlihan Lokey Capital, finding that Count 3 (alleging tortious interference) of plaintiff Ferrell Companies' Complaint was preempted by ERISA, and that Count 4 (alleging breach of a Confidentiality Agreement) failed as a matter of law because the plaintiff, as Plan Administrator, was not a party to the Agreement. The matter is now before the court on plaintiff's motion for reconsideration, or in the alternative certify the decision as a final judgment under Fed.R.Civ.Pr. 54(b). (Dkt. 36). For the reasons provided herein, the court denies in part and grants in part plaintiff's motion.

A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not

presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The present motion essentially repeats points previously made by the plaintiff. It stresses that Houlihan Lokey's co-defendant, GreatBanc, did not claim ERISA preemption, and that it has standing with respect to Count 4 because it is affiliate of Ferrellgas Partners, L.P. and the Plan owns 100% of the plaintiff. Both arguments were explicitly made in plaintiff's pleading in opposition to the motion to dismiss (Dkt. 21, at 1, 7-8). The court rejected both arguments. Whether or not GreatBanc invoked the protection of ERISA preemption does not affect the merits of Houlihan Lokey's motion. With respect to standing, the court observed that "[e]ven if Ferrell Companies, Inc. is considered an affiliate of Ferrellgas Partners, L.P., and thus a party to the Confidentiality Agreement, the fact remains that the action is brought by Ferrell Companies on behalf of the Plan." (Dkt. 35, at 9). Thus, "[t]he Plan is not a party to the Agreement, and the plaintiff lacks standing." (*Id.*) The court finds no arguments in plaintiff's motion which would justify reconsideration.

The court will direct entry of final judgment under Rule 54(b) as to Houlihan Loukey. Such relief is exceptional. *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (observing that "Rule 54(b) entries are not to be made routinely"). *See also Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir.1992) (party seeking final judgment under Rule 54(b) must demonstrate the case is "the infrequent harsh case meriting a favorable exercise of discretion."); 10 Wright & Miller, FED. PRACTICE & PROCEDURE § 2656 at 47 ("Despite its apparently broad scope, Rule 54(b) may be invoked only in a relatively select group of cases and applied in an even more limited category of decisions."). The decision to certify a final judgment under Rule 54(b) are committed to the district court's discretion. *See Operating Engineers Local No. 101 v. Grisham Grading & Excavating*, No. 08-2435-CM, 2009 WL 297571, at *1 (D. Kan. Feb. 6, 2009) (citing *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)).

Nevertheless, directing judgment here may relieve need for multiple trials and conserve judicial resources and the resources of the parites. The court's order resolves the issues as to one of the defendants and there is no reason to delay. Accordingly, for good cause shown the court will certify the entry of final judgment in favour of Houlihan Lokey pursuant to Rule 54(b).

IT IS ACCORDINGLY ORDERED this day of November, 2020 that the plaintiff's Motion for Reconsideration (Dkt. 36) is denied in part and granted in part as provided herein..

3

*J. Thomas Marten*
J. Thomas Marten, Judge