## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FERRELL COMPANIES, INC.,  )
                                              )
              Plaintiff,  )     Case No. 2:20-cv-02229-JTM-KGG
                                              )
v.  )
                                              )
GREATBANC TRUST COMPANY,  )
                                              )
             Defendant.  )

## FERRELL COMPANIES, INC.'S OPPOSITION TO GREATBANC TRUST COMPANY'S MOTION TO COMPEL

Ferrell Companies, Inc., as Plan Sponsor and Plan Administrator of the Ferrell Companies, Inc. Employee Stock Ownership Plan ("Ferrellgas"), hereby responds to GreatBanc Trust Company's ("GreatBanc") Motion to Compel (the "Motion").

GreatBanc seeks to compel Ferrellgas to produce documents related to its acquisition of Bridger Logistics LLC ("Bridger"), and seeks attorneys' fees and expenses incurred in connection with the Motion. This Court, however, should deny the Motion for several reasons. First, the requested documents are not relevant to any party's claims or defenses. Ferrellgas included allegations in its Complaint related to Bridger for the mere purpose of supplying background information regarding GreatBanc's motivation for participating in a hostile takeover of the Ferrellgas Board. Ferrellgas does not need to establish that GreatBanc had a motive to engage in wrongful conduct in order to prevail on its breach of contract and breach of fiduciary duty claims against GreatBanc. The requested documents also cannot support GreatBanc's defenses based on Ferrellgas' purported breach of its own fiduciary duties, because those defenses are insufficient as a matter of law. Second, the discovery requests are overly broad and unduly burdensome in that they impermissibly seek all documents and communications that "refer or relate to" or "evidence

or reflect" a broad subject matter.  <u>Finally</u>, Ferrellgas engaged in good-faith efforts with GreatBanc to avoid this discovery dispute, which included an offer to strike the allegations in Ferrellgas' Complaint regarding Bridger.  This Court should therefore deny GreatBanc's Motion.

**BACKGROUND**

On November 16, 2020, GreatBanc served its First Set of Requests for Production of Documents on Ferrellgas.  (Motion, Ex. A.)  GreatBanc propounded the following requests related to Bridger (the "Bridger Requests"):

**RFP No. 10:** All documents and communications that evidence or reflect any due diligence, analysis, or opinions that were relied upon for purposes of the Bridger Transaction.

**RFP No. 11:**  All documents and communications that evidence or reflect the "confluence of factors [that] resulted in Bridger's failure," as You allege in paragraph 17 of the Complaint.

**RFP No. 12:**  All documents that refer or relate to any actual or alleged breaches of the Rail Services Agreement between Bridger Transfer Services, LLC ("BTS") and Eddystone Rail Company.

**RFP No. 13**:  All documents and communications that refer or relate to the sale of BTS or any transfer of its assets.  This Request includes, but is not limited to, all documents and communications that Ferrellgas was compelled to produce in the Eddystone Litigation pursuant to that court's ruling on the crime-fraud exception.

**RFP No. 14:**  All documents and communications that refer or relate to any suspension, cancelation, or termination of any contracts between Bridger (or any other Ferrellgas entity) and Monroe Energy, LLC.

On December 16, 2010, Ferrellgas served its responses and objections to the requests for production.  (Motion, Ex. B.)  With respect to the Bridger Requests, Ferrellgas objected on the basis that they were "unduly burdensome and not proportional to the needs of the case insofar as the information sought has no relationship to the claims or defenses at issue in this litigation."  (*Id.*)  On December 23, 2020, GreatBanc sent a letter to Ferrellgas asserting that these objections were "improper and invalid."  (Motion, Ex. D.)

Then, on January 5, 2021, the parties conducted a telephonic meet and confer, during which Ferrellgas agreed to amend its objections to the Bridger Requests.  (Motion, Ex. E.)  Thus, on January 18, 2021, Ferrellgas amended its objections to the Bridger Requests, stating that, "While Ferrellgas realizes that it has alleged GreatBanc's involvement in the Bridger Transaction to be GreatBanc's motive for its improper actions, GreatBanc's motive is not actually relevant to the case.  Therefore, Ferrellgas will strike the Bridger-related allegations from its Complaint." (Motion, Ex. C.)  On January 25, 2021, GreatBanc sent a letter to Ferrellgas, arguing that, "Ferrell's decision not to pursue allegations it repeats throughout the Complaint is no basis for withholding the discovery."  (Motion, Ex. F.)  On February 10, 2021, the parties conducted a second telephonic meet and confer, during which Ferrellgas stood on its objections with respect to the Bridger Requests.  (Motion, Exs. G, H.)  As explained further below, GreatBanc's attempt to gain discovery regarding the 2015 Bridger transaction—many thousands of documents—is meant to divert attention from GreatBanc's wrongful conduct in 2018 and 2019, without any reasonable connection to this case.  Moreover, Ferrellgas' objections to the Bridger Requests have factual and legal merit.

## ARGUMENT

### A.    Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), "requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable."  *Holick v. Burkhart,* No. 16-1188-JTM-KGG, 2018 U.S. Dist. LEXIS 4844, at *2 (D. Kan. Jan. 11, 2018). "Relevance is 'broadly construed' at the discovery stage."  *Young v. Physician Office Partners, Inc.,* No. 18-2481-KHV-TJJ, 2019 U.S. Dist. LEXIS 153699, at *1 (D. Kan. Sept. 9, 2019).  "However, while the scope of discovery is broad, it is not unlimited."  *Ezfauxdecor, LLC*

*v. Smith*, No. 15-9140-CM-KGG, 2017 U.S. Dist. LEXIS 96989, at *2 (D. Kan. June 23, 2017). "Even under the broad definition of relevancy in the discovery context, there must be some rational basis for finding relevancy." *Midwest Grain Prods. v. Envirofuels Mktg.,* No. 95-2355-EEO, 1996 U.S. Dist. LEXIS 10057 (D. Kan. July 11, 1996).   In addition, under Federal Rule of Civil Procedure 26(b)(2)(C)(iii), the court must limit the extent of discovery otherwise allowed if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *McKellips v. Kumho Tire Co.,* 305 F.R.D. 655, 667 (D. Kan. 2015).

**B.     The Bridger Requests Are Not Relevant.**

GreatBanc argues in its Motion that the Bridger Requests are relevant to the claims and defenses in this case for the following two reasons: (1) "Bridger underlies Ferrell's allegations that GreatBanc and multiple third parties schemed to takeover Ferrellgas and 'hijack' the Board"; and (2) "GreatBanc believes discovery sought by the Bridger Requests will refute Ferrell's claims and support GreatBanc's defenses, including but not limited to its affirmative defense for breach of fiduciary duty by Ferrell and the Board."  (Motion at 16.)  Neither of these reasons establish that the requested information is relevant.  Ferrellgas' allegations related to the Bridger acquisition were included in the Complaint as mere background and the requested information will not support GreatBanc's defenses in any event.

**i.     Ferrellgas' Allegations In Its Complaint Regarding The Bridger Acquisition Were Included As Mere Contextual Background And Are Not Relevant To Any Party's Claims Or Defenses.**

In its Complaint, Ferrellgas described its June 2015 acquisition of Bridger Logistics LLC, which Ferrellgas engaged GreatBanc to evaluate as a discretionary trustee.  (ECF No. 1,

"Complaint", ¶¶ 14-15.)  Ferrellgas alleged that the financial consequences of that acquisition was motivation for GreatBanc to participate in the efforts to take over the Ferrellgas Board.  (*Id.* at ¶ 18.)  Ferrellgas asserted that GreatBanc was "motivated to participate in the hostile takeover efforts of third parties (and preserve its role as Directed Trustee) to avoid liability for its role in the failed Bridger investment."  (Complaint at 3.)  Thus, Ferrellgas included the allegations for mere background purposes—specifically, to offer a motive for the alleged wrongful conduct.

GreatBanc argues that information related to Bridger therefore "underlies Ferrell's allegations" related to the hostile takeover scheme and is discoverable.  (Motion at 16.)  To support its proposition that "a party is entitled to the underlying facts that support the allegations raised in a complaint," GreatBanc cites *State Farm Mutual Automobile Insurance Company v. Physicians Injury Care Center, Inc.*, 2008 WL 11337641 (M.D. Fla. Oct. 17, 2008).  (Motion at 18.)  The court in *State Farm*, however, addressed a motion to compel the reappearance of several deponents.  *Id.* at *2.  Nowhere in the opinion does the court address whether a party is entitled to discovery on allegations that merely supply background information.  GreatBanc also cites *Isberner v. Walmart, Inc.*, No. 20-2001-JAR-KGG, 2020 WL 6044097 (D. Kan. Oct. 13, 2020), to argue that "Ferrell's self-serving attempt to downplay these allegations" does not narrow the scope of discovery.  (Motion at 18.)  *Isberner*, however, is inapposite.  In *Isberner*, the plaintiff brought an employment discrimination case against her employer, specifically alleging a "pattern and culture of discrimination at Walmart."  *Id.* at *1-3.  The plaintiff therefore moved the Court to compel the defendant to respond to discovery requests regarding similar discrimination complaints made against other supervisors at Walmart.  *Id.*  Despite plaintiff's allegation of a pattern of discrimination, however, the Court denied the motion to compel because the plaintiff did not establish that complaints regarding other supervisors were relevant.  *Id.* at *3.

Indeed, a party is not entitled to discovery on mere background information unless it is also "relevant to any party's claim or defense."  Fed. R. Civ. Pro. 26(b); *see Kaiser Found. Hosps. v. Cal. Nurses Ass'n*, No. 11-5588 SC, 2012 U.S. Dist. LEXIS 16563, at *11-12 (N.D. Cal. Feb. 10, 2012) (denying motion to strike background allegations based on argument that they would expand the scope of discovery because "[a] party is not entitled to discovery on a factual issue merely because it is alleged in the pleadings").  For example, in *Emergency Services of Oklahoma, PC v. Aetna Health, Inc.*, No. CIV-17-600-J, 2020 U.S. Dist. LEXIS 217231, at *2-3 (W.D. Okla. Nov. 19, 2020), plaintiffs brought an action against defendants seeking to recover payments on claims for emergency medical services rendered to defendants' members.  The defendants moved to compel plaintiffs to produce certain background documents related to the acquisition of plaintiffs by a non-party. *Id.* at *3-4.  The defendants argued that they were "entitled to discover information that sheds light on the motivations of both TeamHealth and Plaintiffs in deciding to affiliate." *Id.* at *5.  The court, however, noted that the plaintiffs asserted a straightforward claim regarding the rate of reimbursement and that "neither plaintiff's claims nor defendants' defenses nor counterclaim extend the relevant issues in the case to include motivations, financial benefits, or anticipated impacts of Plaintiffs' acquisition by a non-party." *Id.* at *7.  The court therefore denied the motion to compel production of the background documents on the basis that "the requested documents are not relevant to the actual claims and defenses involved in this action." *Id.* at *7.  The same rationale applies here.  Ferrellgas asserted straightforward claims for breach of contract and breach of fiduciary duty against GreatBanc—neither of which require Ferrellgas to establish a motive for the wrongful conduct.

GreatBanc cites *Wildman v. Am. Century Servs., LLC*, No. 4:16-CV-00737-DGK, 2017 WL 5068516, at *2-3 (W.D. Mo. July 27, 2017)—a Western District of Missouri case—for its

proposition that motive is relevant to a breach of fiduciary duty claim.   (Motion at 18.)   The plaintiffs in *Wildman* alleged that the defendants breached their fiduciary duties under ERISA in their management and oversight of a retirement plan.   *Wildman*, at *1.   The plaintiffs moved to compel defendants to produce all reports they prepared for each of their investment adviser subsidiaries, and the court granted the motion.   *Id.*   The requested reports, however, were relevant to plaintiffs' claim for breach of fiduciary duty because they directly related to the defendants' oversight of the Plan and assisted in calculating damages.   *Id.*   Here, in contrast, the requested Bridger documents do not relate to GreatBanc's oversight of the ESOP.   Rather, the documents relate to an irrelevant acquisition by the plaintiff of a non-party to the litigation.   GreatBanc is therefore not entitled to discovery on Bridger because the information is not relevant.

>      ii.      **Information Related To The Bridger Acquisition Will Not Support GreatBanc's Defenses to Ferrellgas' Claims.**

GreatBanc argues that the "discovery sought by the Bridger Requests will refute Ferrell's claims and support GreatBanc's defenses" because it will "provide further evidence of misconduct and breaches of fiduciary duty by Ferrell and the Board, all of which are relevant to the claims and defenses in this case."   (Motion at 16-17.)   However, GreatBanc does not assert any affirmative defense based on an "unclean hands" theory.   (*See* ECF No. 52, Amended Answer.)   Nor could it. Under Kansas law, unclean hands is "a doctrine of equity, applicable only when equitable relief is sought."   *Old Colony Ventures I v. SMWNPF Holdings,* No. 95-2050-JWL, 1996 U.S. Dist. LEXIS 18305, at *20 (D. Kan. Oct. 2, 1996) (denying motion for summary judgment because plaintiff's "unclean hands" could not preclude plaintiff from obtaining relief on its breach of contract claim seeking monetary damages).

GreatBanc also argues that the information related to Bridger will support its First Affirmative Defense.   (Motion at 16.)   However, that affirmative defense is insufficient as a matter

of law and Ferrellgas has already moved to strike the affirmative defense from GreatBanc's Amended Answer on that basis.  (*See* ECF No. 59, Motion to Strike.)  As its First Affirmative Defense, GreatBanc asserts: "[Ferrellgas'] claims are barred, in whole or in part, because [Ferrellgas] and its Board of Directors ("Board"), acting as the Plan Sponsor and Plan Administrator, breached fiduciary duties owed to the ESOP under ERISA."  (Amended Answer at 18.)  However, the purported fiduciary duty of Ferrellgas and its Board of Directors was owed to a third party—the ESOP— rather than GreatBanc.  GreatBanc therefore has no standing to assert this affirmative defense.  *See, e.g., United States v. Neset,* 10 F. Supp. 2d 1113, 1116 (D. N.D. 1998) ("In raising an affirmative defense, a defendant is seeking the jurisdiction of the court to hear claims as much as a plaintiff, and therefore, standing becomes an issue for the defendant as well."); *see also FDIC v. Main Hurdman*, 655 F. Supp. 259, 268 (E.D. Cal. 1987) (defendant must have standing to pursue an affirmative defense).  GreatBanc is not entitled to discovery on its defenses that are insufficient as a matter of law.

**C.     Ferrellgas' Objections To GreatBanc's Bridger Requests Based On Undue Burden And Proportionality Have Merit.**

GreatBanc asserts that "[t]o the extent Ferrell asserts separate objections for undue burden and proportionality, its boilerplate objections are insufficient, not to mention unfounded." (Motion at 17.)  Ferrellgas, however, can establish that the Bridger Requests are unduly burdensome.

Requests for Production Nos. 12, 13, and 14 seek "[a]ll documents and communications *that refer or relate* to any actual or alleged breaches of the Rail Services Agreement," "[a]ll documents and communications *that refer or relate* to the sale of Bridger Transfer Services, LLC ("BTS")" and "[a]ll documents and communications *that refer or relate to* any suspension, cancelation, or termination of any contracts between Bridger (or any other Ferrellgas entity) and Monroe Energy, LLC."  (emphasis added.)  Likewise, Requests for Production Nos. 10 and 11

seek "[a]ll documents and communications *that evidence or reflect* any due diligence, analysis, or opinions that were relied upon for purposes of the Bridger Transaction" and "[a]ll documents and communications *that evidence or reflect* the 'confluence of factors [that] resulted in Bridger's failure.'" (emphasis added.)  Discovery requests that seek all documents and communications that "refer or relate to" or "evidence or reflect" a broad subject matter are unduly burdensome.  Courts in the District of Kansas have "held on numerous occasions that a request or interrogatory is unduly burdensome on its face if it used the omnibus term 'relating to' or 'regarding' with respect to a general category or group of documents."  *Moss v. Blue Cross & Blue Shield of Kan., Inc.,* 241 F.R.D. 683 (D. Kan. 2007) (citing *Aikens v. Deluxe Fin. Servs.,* 217 F.R.D. 533, 537-38 (D. Kan. 2003)) (holding that a request for "'[a]ny and all documents . . . *relating to* any legal action in which defendant has been involved' regarding the general category of all forms of employment discrimination was overly broad and unduly burdensome").  As the Court in *Moss* explained, to answer requests with such broad language, a party must "engage in mental gymnastics to determine what information may or may not be remotely responsive."  *Moss*, at 690.  Thus, Ferrellgas' objections to the Bridger Requests on the basis that they are unduly burdensome have merit and this Court should deny GreatBanc's motion to compel.

**D.     The Court Should Deny GreatBanc's Request For Expenses And Fees It Incurred Bringing Its Motion To Compel.**

Ferrellgas' position on the Bridger Requests are not factually and legally baseless, despite GreatBanc's assertions.  (Motion at 18).  During meet and confers with GreatBanc's counsel, Ferrellgas repeatedly asserted its position that information regarding the Bridger transaction is irrelevant, is included in the Complaint for mere background purposes, and is not required to prove Ferrellgas' case.  Ferrellgas even offered to strike the allegations related to Bridger from its Complaint.  (Motion, Ex. C).  Thus, Ferrellgas has made several good-faith efforts to avoid this

dispute in Court.  This Court should therefore deny GreatBanc's request for expenses and fees it incurred in connection with its Motion.  *See Arden Mills, LLC v. Archer-Daniels-Midland Co.*, No. 12-2171-EFM, 2015 U.S. Dist. LEXIS 33138, at *10 (D. Kan. Mar. 18, 2015) (court denied request for expenses and attorney's fees in connection with motion to compel because the plaintiff's objections to the discovery were supported by sound law and fact and therefore substantially justified).

## <u>CONCLUSION</u>

For the reasons stated above, Ferrellgas respectfully requests that this Court deny GreatBanc's Motion to Compel.

Dated: April 14, 2021                              Respectfully Submitted:

                                                   */s/ Sarah K. Rathke*
                                                   _____
                                                   Sarah K. Rathke (*pro hac vice*)
                                                   Marques P.D. Richeson (*pro hac vice*)
                                                   SQUIRE PATTON BOGGS (US) LLP
                                                   4900 Key Tower
                                                   127 Public Square
                                                   Cleveland, Ohio 44114
                                                   Tel: (216) 479-8500
                                                   Fax: (216) 479-8780
                                                   Email: sarah.rathke@squirepb.com
                                                           Marques.richeson@squirepb.com

                                                   and

                                                   James D. Griffin (KS #12545)
                                                   Brent N. Coverdale (KS #18798)
                                                   Craig M. Leff (KS #16251)
                                                   Scharnhorst Ast Kennard Griffin PC
                                                   1100 Walnut Street, Suite 1950
                                                   Kansas City, Missouri 64106-2197
                                                   Telephone: (816) 268-9400
                                                   Facsimile: (816) 268-9409
                                                   Email:  jgriffin@skg.com
                                                           bcoverdale@sakg.com

                                                   *Attorneys for Ferrell Companies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this April 14, 2021, a true copy of the foregoing was electronically filed with the Court by using the Court's electronic filing system, which sent out notification of such filing to all counsel of record.


*/s/ Sarah K. Rathke*_____
Sarah K. Rathke

*Attorney for Ferrell Companies, Inc.*