IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FERRELL COMPANIES, INC.,           )
                                   )
            Plaintiff,             )
                                   )
    v.                             )     Case No. 20-2229-JWL
                                   )
GREATBANC TRUST COMPANY,           )
                                   )
            Defendant.             )
                                   )
_____)

# MEMORANDUM AND ORDER

This matter comes before the Court[1] on plaintiff's motion to strike the first and fourth affirmative defenses asserted in defendant's amended answer pursuant to Fed. R. Civ. P. 12(f) (Doc. # 59).  For the reasons set forth below, the Court **denies** the motion.

Rule 12(f) provides that a court may strike from a pleading "an insufficient defense" or any redundant, immaterial, impertinent, or scandalous matter.  *See id.*  "A defense is insufficient if, as a matter of law, it cannot succeed under any circumstances." *See Youell v. Grimes*, 2001 WL 121955, at *1 (D. Kan. Feb. 8, 2001) (Lungstrum, J.) (citation omitted).

Defendant argues that plaintiff's failure to identify any prejudice from the assertion of these defenses is fatal to plaintiff's motion under Rule 12(f), but plaintiff disputes that a

---

[1] This case was reassigned to the undersigned judge on April 19, 2021.

showing of prejudice is required here.  This Court has stated the standard for striking matters under the rule as follows:

> Motions to strike, however, are disfavored and are generally denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.  In order for a motion to strike to succeed, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading through the proceeding will be prejudicial to the moving party.

*See id.* (internal quotations and citations omitted) (citing, *inter alia*, 5A Wright & Miller, *Federal Practice and Procedure* § 1380, at 650 (2d ed. 1990)).  The Court agrees with plaintiff that in the case of a legally insufficient defense, a showing of particularized prejudice may be less important than in the case of a request to strike other material in a pleading.  Indeed, this Court has recognized that prejudice naturally arises if a defendant is permitted to maintain defenses that could not have any possible merit, as the plaintiff in such case "would be expected to expend resources unnecessarily to address those defenses in discovery."  *See Coshocton Grain Co. v. Caldwell-Baker Co.*, 2016 WL 234152, at *2 (D. Kan. Jan. 20, 20016) (Lungstrum, J.).

Thus, the Court agrees with plaintiff that if a defense truly has no possibility of succeeding as a matter of law, it should be stricken.  The point of applying a strict standard to a motion under Rule 12(f), however, is that if there is any doubt whatsoever about the viability of a defense, or if there are any possible facts under which that defense could succeed, the motion should be denied.  As the Court has noted, if a defense is asserted in good faith and could have a relation to the controversy, the merits of the defense are better addressed at the summary judgment stage.  *See id.*

With that standard in mind, the Court considers the particular defenses challenged by plaintiff. For its first affirmative defense, defendant asserts that plaintiff's claims are barred in whole or in part by the breach by plaintiff and its Board, acting as sponsor and administrator of the subject ERISA plan, of fiduciary duties owed to the ESOP. Plaintiff argues that this defense is legally insufficient because defendant has no standing to assert a breach of fiduciary duty by plaintiff to a third party. The parties dispute whether the doctrine of standing applies to defenses asserted in an answer. Regardless of how the argument is labeled, plaintiff essentially argues that, as a matter of law, a breach by plaintiff to the ESOP would not provide a defense to plaintiff's claims against defendant for breach of contract and breach of fiduciary duty.

Defendant questions the authority on which plaintiff relies for this argument, although defendant has not provided its own authority to support the assertion of a breach against a third party as a defense to claims of this sort. Defendant also argues, however, that damages asserted by plaintiff were actually caused by plaintiff's own breach and not by the alleged breaches by defendant. In its reply brief, plaintiff has not addressed this causation argument. Thus, plaintiff has not shown that the defense could not succeed under any set of facts. Accordingly, the Court denies the motion to strike this defense at this time.

Plaintiff also seeks to strike defendant's fourth affirmative defense, in which defendant asserts that any claim by plaintiff to recover legal fees and costs incurred in a prior action between the parties in this Court is barred by the parties' stipulation of dismissal in that action, which states in relevant part that "[e]ach party shall bear its

3

respective attorneys' fees, costs, and expenses incurred in this litigation." Plaintiff argues that this defense is insufficient because no such agreement by plaintiff was included in the integrated settlement agreement between the parties that prompted the stipulation of dismissal.

Plaintiff has not shown that this defense cannot succeed as a matter of law. Even though the stipulation eventually executed by the parties and filed with the Court was attached as an exhibit to the settlement agreement, plaintiff argues that the stipulation was not clearly incorporated into the agreement by reference. The agreement, however, required the parties to execute and file a stipulation containing this very term; thus, the Court cannot conclude as a matter law that plaintiff did not agree to this term. Moreover, plaintiff has no answer to defendant's argument that the stipulation would also constitute a separate enforceable agreement between the parties that is consistent with the settlement agreement.[2] Accordingly, the Court denies the motion to strike this defense at this stage.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion to strike (Doc. # 59) is hereby **denied**.

---

[2] Plaintiff has not made any argument based on any interpretation of this term in the stipulation. Accordingly, the Court does not address at this stage whether the parties intended by this language to bar future claims for such amounts or whether they intended simply that the Court would not award such amounts in the prior action – a question that may depend on particular facts as developed in discovery.

IT IS SO ORDERED.

Dated this 28th day of April, 2021, in Kansas City, Kansas.

                                         *s/ John W. Lungstrum*
                                         John W. Lungstrum
                                         United States District Judge