**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| FERRELL COMPANIES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 2:20-cv-02229-JWL-KGG |
| v. ) | |
| ) | |
| GREATBANC TRUST COMPANY, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF RULE 30(b)(6) DEPOSITION**

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), Defendant GreatBanc Trust Company ("GreatBanc") will take the deposition upon oral examination of Plaintiff Ferrell Companies, Inc. ("Ferrell") in the above-captioned action on August 9, 2021, at 9:00 a.m. at the offices of Shook, Hardy & Bacon LLP, 2555 Grand Boulevard, Kansas City, Missouri 64108. In accordance with Rule 30(b)(6), Ferrell shall designate as its representative(s) one or more persons who consent to testify on Ferrell's behalf on the topics listed in Exhibit A to this Notice. The deposition will be recorded by stenographic and audiovisual means before a notary public or other person authorized by law to administer oaths. GreatBanc reserves the right to use the videotape and transcript at trial.

PLEASE TAKE FURTHER NOTICE that this deposition will continue from day to day until completed. You are invited to attend and cross-examine the witness.

Dated: June 29, 2021

| | |
|---|---|
| *Of Counsel:* | SHOOK, HARDY & BACON L.L.P. |
| AKERMAN LLP | By: /s/ Todd W. Ruskamp |
| Mark S. Bernstein (p*ro hac vice*) | Todd W. Ruskamp, D.Kan #70412 |
| Shawn M. Taylor (p*ro hac vice*) | Jessica A.E. McKinney, D.Kan #78649 |
| | 2555 Grand Boulevard |
| 71 South Wacker Drive, 47th Floor | Kansas City, Missouri 64108 |
| Chicago, Illinois 60606 | Telephone: 816.474.6550 |
| Telephone: 312-634-5700 | Facsimile: 816.421.5547 |
| Facsimile: 312-424-1900 | Email: truskamp@shb.com |
| Email: mark.bernstein@akerman.com | jamckinney@shb.com |
| shawn.taylor@akerman.com | |
| | *Attorneys for GreatBanc Trust Company* |

## CERTIFICATE OF SERVICE

I, Shawn M. Taylor, certify that on June 29, 2021, I served a true and correct copy of **Notice of Rule 30(b)(6) Deposition** via electronic mail on the following counsel:

>James D. Griffin
>Brent N. Coverdale
>Scharnhorst Ast Kennard Griffin PC
>1100 Walnut Street, Suite 1950
>Kansas City, Missouri 64106
>Tel: (816) 268-9400
>Fax: (816) 268-9409
>jgriffin@sakg.com
>bcoverdale@sakg.com
>
>Sarah K. Rathke
>Marques P.D. Richeson
>Squire Patton Boggs (US) LLP
>4900 Key Tower
>127 Public Square
>Cleveland, Ohio 44114
>Tel: (216) 479-8500
>Fax: (216) 479-8780
>sara.rathke@squirepb.com
>marques.richeson@squirepb.com

/s/ Shawn M. Taylor

2

**Exhibit A to Notice of Rule 30(b)(6) Deposition**

**Definitions & Instructions**

The following definitions and instructions shall apply to this Notice of Rule 30(b)(6) Deposition and shall have the following meanings and rules of construction, unless the context otherwise requires. Nothing set forth below is intended to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure, and the definitions should be construed as broadly as permitted by those rules.

1. "Action" refers to *Ferrell Companies, Inc. v. GreatBanc Trust Company*, No. 20-cv-02229-JWL-KGG (D. Kan.).

2. "Bankruptcy Case" refers to the jointly administered Chapter 11 bankruptcy proceeding captioned *In re Ferrellgas Partners, L.P. and Ferrellgas Finance Corp.*, No. 21-10021-MFW (Bankr. D. Del.).

3. "Board" refers to the Board of Directors of Ferrell Companies, Inc. and Ferrellgas, L.P., collectively and individually, as well as its past and present officers, directors, members, attorneys, agents, and anyone acting or purporting to act on their behalf.

4. "Bridger" refers to Bridger Logistics, LLC, and any other subsidiaries or affiliates of Bridger, LLC that were acquired pursuant to the May 29, 2015 Purchase and Sale Agreement between Bridger, LLC, as seller, and Ferrellgas Partners, L.P., as purchaser.

5. "Bridger Transaction" refers to the transaction in which Ferrellgas Partners, L.P. acquired Bridger Logistics, LLC and other subsidiaries or affiliates Bridger, LLC.

6. "Caligan" refers to Caligan Partners, including any of its directors, officers, employees, agents, assigns, representatives, attorneys, or any other person or entity acting or purporting to act for or on its behalf.

7. "Communication" or "communicate" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise, either orally or in writing), including correspondence, packages, conversations, meetings, discussions, telephone calls, telegrams, telexes, telecopies, seminars, conferences, messages, notes, instant messages, emails and memoranda, regardless of the means used to transmit or receive such information.

8. "Complaint" refers to Ferrell Companies, Inc.'s complaint in this Action (Dkt. 1), including its allegations, exhibits, and any amendments thereto.

9. "Concerning," "regarding," "relating to," or any variations thereof, mean about, relating to, referring to, describing, evidencing, constituting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, identifying, referencing, discussing, indicating, connected with or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

10. "DLA" refers to DLA Piper LLP (US), the named defendant in the DLA Litigation, as defined below, including any of its attorneys, directors, officers, employees, agents, assigns, representatives, or any other person or entity acting or purporting to act for or on its behalf.

11. "DLA Litigation" refers to the case captioned *Ferrellgas Partners, L.P. and Ferrellgas, L.P. v. DLA Piper LLP (US)*, No. 20 CV 02517 (Johnson County, Kan. D. Ct.) and any related arbitration or other legal proceeding between any Ferrellgas entity and DLA Piper LLP (US).

12. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation,

2

electronic or computerized data compilations, communications, and voice or data recordings. A draft or non-identical copy is a separate document within the meaning of this term.

13. "Eddystone" refers to Eddystone Rail Company, LLC, the named plaintiff in the Eddystone Litigaton, as defined below, including any of its directors, officers, employees, agents, assigns, representatives, attorneys, or any other person or entity acting or purporting to act for or on its behalf.

14. "Eddystone Litigation" refers to the cases captioned *Eddystone Rail Co., LLC v. Bridger Logistics, LLC*, No. 17-cv-00495 (E.D. Pa.) and *Eddystone Rail Co., LLC v. Jamex Transfer Servs., Inc.*, No. 17-cv-01266 (S.D.N.Y.), individually and collectively.

15. "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq*.

16. "ESOP" or "Plan" refers to the Ferrell Companies, Inc. Employee Stock Ownership Plan, together with all amendments and restatements thereto.

17. "Ferrell," "You," or "Your" refers to Plaintiff Ferrell Companies, Inc., as Plan Sponsor and Plan Administrator of the ESOP and any of Ferrell's predecessors and successors in interest, subsidiaries and affiliates, past and present officers, directors, members, attorneys, employees, agents, and anyone acting or purporting to act on its behalf.

18. "Ferrellgas" refers to and includes each of the following: (i) Ferrell Companies, Inc.; (ii) Ferrellgas, Inc.; (iii) Ferrellgas Partners, L.P.; (iv) Ferrellgas, L.P.; (v) Ferrellgas Finance Corp.; (vi) Ferrellgas Partners Finance Corp.; (vii) all affiliates or subsidiaries of Bridger, LLC acquired by Ferrellgas Partners, L.P. pursuant to the Purchase and Sale Agreement dated May 29, 2015, including but not limited to Bridger Logistics, LLC and Bridger Transfer

Services, LLC; (viii) the Board of Directors, and (ix) any other partners, affiliates, or subsidiaries of Ferrell Companies, Inc., Ferrellgas, Inc., Ferrellgas Partners, L.P., or Ferrellgas, L.P.

19.     "Houlihan" refers to Houlihan Lokey Capital, Inc., the named defendant in the Houlihan Litigation, as defined below, including any of its attorneys, directors, officers, employees, agents, assigns, representatives, or any other person or entity acting or purporting to act for or on its behalf.

20.     "Houlihan Litigation" refers to the case captioned *Ferrellgas Partners, L.P. and Ferrellgas, L.P. v. Houlihan Lokey Capital, Inc.*, No. 20 CV 03359 (Johnson County, Kan. D. Ct.) and any related arbitration or other legal proceeding between any Ferrellgas entity and Houlihan Lokey Capital, Inc.

21.     "Including" means to include by way of example only, and in no way qualifies, limits, or restricts the scope of any requests.

22.     "James Urbach" refers to James Urbach, the ESOP's successor trustee, and any employees, agents, assigns, representatives, attorneys, directors, officers, or any other person or entity acting or purporting to act for or on his behalf including but not limited to ESOP Fiduciaries, Inc., a Florida profit corporation which lists Mr. Urbach as its president and registered agent in its filings with the Secretary of State.

23.     "July 2019 Plan Amendment" refers to the Plan amendment dated July 29, 2019, which stated, among other things, that "the Company (as Plan Administrator) shall have the power to direct the Trustee as to voting of Company Stock under Section 8."

24.     "Notice of Removal" refers to the Notice of Removal of GreatBanc Trust Company as Trustee of the Ferrell Companies, Inc. Employee Stock Ownership Plan and Successor Trustee's Acceptance of Trusteeship, dated October 9, 2019.

4

25.     "Person" shall include natural persons, public or private corporations and all of their subsidiaries or divisions, proprietorships, partnerships, joint ventures, governmental entities, associations, unions, organizations, groups, trusts and estates. Any reference herein to any "person" shall be construed to include, if that "person" is not a natural person, all present and former subsidiaries, affiliates, divisions, joint venturers, partners, officers, directors, board of directors (and committees thereof), employees, agents and advisors, and any other person acting or purporting to act for, on behalf of, or in the name such entity, including, without limitation, business consultants, bankers, financial advisors, attorneys, accountants and any other person of any description retained or employed by such entity for business or financial reasons of any kind.

26.     "Prior Action" refers to the case captioned *Ferrell Companies, Inc. v. GreatBanc Trust Company*, No. 19-cv-02656 (D. Kan.), which was dismissed pursuant to the parties' Stipulation of Dismissal on February 21, 2020.

27.     "Settlement Agreement" refers to the settlement agreement, dated December 19, 2019, that Ferrell and GreatBanc executed in connection with settling and dismissing the Prior Action.

28.     "TPG" refers collectively to TPG Specialty Lending, Inc. and TPG Specialty Finance, including any of their directors, officers, employees, agents, assigns, representatives, attorneys, or any other person or entity acting or purporting to act for or on their behalf.

29.     Unless otherwise specified, the relevant time period for the topics listed below shall be January 1, 2015 to the present.

5

## Topics of Deposition

1. Ferrellgas' business structure, including its corporate organization and governance and the identity of all Ferrellgas (i) parent companies, (ii) subsidiaries, (iii) affiliates, (iv) partners, and (v) officers and Board members.

2. The nature and scope of Your search and collection of documents and information responsive to the document requests and interrogatories served by GreatBanc in this Action, the identities of persons involved in the search and collection process, and a description of Your search methodology.

3. The manner in which Ferrellgas stores and maintains its documents and electronically stored information, including any related document retention policies or practices.

4. The factual and legal basis for Your alleged damages in this Action, including the calculation of such damages.

5. The nature and scope of any injuries You allege the ESOP suffered as a result of the allegations underlying Your claims in this Action.

6. The identity of all persons or entities You allege to be responsible for the damages You seek to recover in this Action, the nature of their alleged misconduct, and the damages You attribute to each of them.

7. The factual and evidentiary basis for Your allegations that this Action "arises out of the improper efforts of a cadre of powerful banks, investment firms, hedge funds, and their advisors to effectuate a secret and contractually prohibited hostile takeover of Ferrell Companies and enrich themselves at the expense of thousands of Ferrellgas employee-owners," as You alleged in the Complaint, including the identity of all persons and entities referred to in the foregoing allegations.

8. The factual and evidentiary basis for Your allegations that Houlihan "actively acted to procure GreatBanc's breach of contract and trust," as You allege in the Complaint, including the identity of employees or representatives of Houlihan involved in such alleged actions.

9. The factual and evidentiary basis for Your allegations that Caligan collaborated with or otherwise "encouraged and/or aided" GreatBanc "in violating its duties to Ferrellgas," as You allege in the Complaint, including the identity of employees or representatives of Caligan involved in such alleged actions.

10. The factual and evidentiary basis for Your allegations that "certain Ferrellgas bondholders" collaborated with or otherwise "encouraged and/or aided" GreatBanc "in violating its duties to Ferrellgas," as You allege in the Complaint, including the identity of each such bondholder.

11. The factual and evidentiary basis for Your allegations that TPG collaborated with or otherwise "encouraged and/or aided" GreatBanc "in violating its duties to Ferrellgas," as You allege in the Complaint, including the identity of employees or representatives of TPG involved in such alleged actions.

12. The factual and evidentiary basis for Your allegations that "Ferrellgas' former counsel" collaborated with or otherwise "encouraged and/or aided" GreatBanc "in violating its duties to Ferrellgas," as You allege in the Complaint, including the identity of such former counsel.

13. The factual and evidentiary basis for Your allegations that "GreatBanc's attorneys" collaborated with or otherwise "encouraged and/or aided" GreatBanc "in violating its duties to Ferrellgas," as You allege in the Complaint, including the identity of such attorneys.

7

14. The factual and evidentiary basis for Your allegations that Eddystone collaborated with or otherwise "encouraged and/or aided" GreatBanc "in violating its duties to Ferrellgas," as You allege in the Complaint, including the identity of employees or representatives of Eddystone involved in such alleged actions.

15. The factual and evidentiary basis for Your allegations that "GreatBanc collaborated with ousted Ferrellgas CFO, Ryan VanWinkle, and ousted Ferrellgas COO, Boyd McGathey," as You allege in the Complaint.

16. The identity and role of any person or entity who (i) provided advice or services in connection with the Bridger Transaction and/or (ii) approved of the Bridger Transaction.

17. The impact of Bridger's failure on Ferrellgas' financial condition and business operations.

18. The impact of the Eddystone Litigation on Ferrellgas' financial condition and business operations.

19. The factual and evidentiary basis for Your allegations that GreatBanc was "motivated to participate in the hostile takeover efforts of third parties (and preserve its role as Directed Trustee) to avoid liability for its role in the failed Bridger investment," as You allege in the Complaint.

20. The facts and circumstances surrounding the July 2019 Plan Amendment, including the identity of anyone involved in proposing, drafting, and approving the July 2019 Plan Amendment.

21. The nature and details of any communications between You and/or the Board and the United States Department of Labor regarding GreatBanc or the ESOP, including but not limited to communications or correspondence referred to in footnote 17 of Stephen Lerner's

8

letter to David Buchbinder at the Office of the United States Trustee, dated January 19, 2021, a copy of which was filed in the Bankruptcy Case under docket number 120-2.

22. The facts and circumstances surrounding the resignation or departure of Board members, including Daniel Kaye, David Starling, and James Schwartz, and the terms of any agreements executed in connection with such departures.

23. The facts and circumstances surrounding the resignation or termination of the following members of Ferrellgas' executive and management team: (i) Ryan VanWinkle, (ii) Boyd McGathey, (iii) Stephen Wambold, (iv) Al Heitmann, (v) Trenton Hampton, (vi) Doran Schwartz, (vii) Rick Frawley, (viii) Bryan Wright, and (ix) Bill Ruisinger, including the terms of any related agreements executed in connection with these departures.

24. The facts and circumstances surrounding the decision to replace GreatBanc as the ESOP's trustee and issue the Notice of Removal, including the identity and role of anyone involved with the decision.

25. The details of the "long-term strategic objectives" the Board adopted for Ferrellgas, as referred to in the letters Jim Ferrell and Stephen Lerner sent to Kevin Kolb of GreatBanc in July 2019, including when the objectives were adopted, the goals of such objectives, and the identity and role of anyone involved creating, implementing, and adopting such objectives.

26. The facts and circumstances surrounding TPG's declaration of default under the Senior Secured Credit Facility in September 2019 and the impact of such default to Ferrellgas' financial condition.

27. The facts and circumstances surrounding the Board's decision to engage James Urbach as GreatBanc's replacement, including when and how the decision was made.

28. The factual and legal basis for Your position that Your alleged damages in this Action are not barred by the Settlement Agreement and Stipulation of Dismissal in the Prior Action, as You asserted in seeking to strike GreatBanc's affirmative defenses. (Dkt. 60).

29. The factual and evidentiary basis for Ferrellgas' allegations that "[t]he Ferrellgas takeover effort was publicly spearheaded by GreatBanc," as alleged in the complaint filed in the Houlihan Litigation.

30. The factual and evidentiary basis for Ferrellgas' allegations that "GreatBanc, assisted by Houlihan Lokey, DLA, and perhaps others, waged a pitched battle in the second half of 2019 to oust or reconfigure FCI's Board of Directors," as alleged in the complaint filed in the Houlihan Litigation.

31. The factual and legal basis for Ferrellgas' alleged damages in the DLA Litigation and Houlihan Litigation.